364 A.2d 333

Girard H. CLEMENTE, Appellant,

v.

INTERNATIONAL LADIES' GARMENT WORKERS' UNION, DEATH BENEFIT DEPARTMENT, also known as Death Benefit Fund, Louis Rolnick, Director and Abraham P. Conan, Supervisor.

Superior Court of Pennsylvania.

Sept. 27, 1976.

Paul A. Liebman, Philadelphia, for appellant.

Michael Brodie, E. Chaiken, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

This case can best be described as a procedural nightmare. We conclude that the lower court improperly entered an amended order while an appeal was pending with this court. We will, therefore, vacate the order of June 27, 1975, reinstate the order of June 2, 1975, and remand for an evidentiary hearing.

The facts indicate that on January 7, 1975, plaintiff-appellant filed a suit in assumpsit to collect $2,000.00 in death benefits from defendants-appellees. Appellees filed preliminary objections on February 3, 1975, challenging, *inter alia,* lack of jurisdiction as a result of improper service of the complaint. Appellant filed an answer on February 19, 1975, and on June 2, 1975, the lower court entered the following order:

> "AND NOW, to wit, this 2nd day of June, 1975, it is hereby ORDERED and DECREED that the Preliminary Objections of the defendants are denied on the condition that Plaintiff is to proceed within thirty

(30) days from the date of this Order to serve the relevant parties pursuant to 42 P.S. 8304, et seq., or judgment will be entered in favor of the defendants."

The defendants, appellees herein, appealed this order to our court on June 9, 1975, and filed a Writ of Certiorari on June 10, 1975. On June 27, 1975, while the appeal of June 9 was before our court, the lower court modified the order of June 2, 1975, and entered the following order:

"AND NOW, to wit, this 27th day of June, 1975, it is hereby ORDERED and DECREED that an earlier Order of June 2, 1975, in the captioned matter is vacated and superseded and it is further ORDERED and DECREED that:

" 'Defendants' Preliminary Objections are sustained and Plaintiff's complaint is dismissed without prejudice to Plaintiff's proceeding pursuant to 42 P.S. 8304 et seq.' "

This amended order satisfied defendants, appellees herein, and on July 1, 1975, they filed a Praecipe for Discontinuance of their appeal with this court. However, the plaintiff, appellant herein, then filed an appeal to our court, on July 25, 1975, from the amended order of June 27, 1975.

It is well settled that a court of first instance cannot further proceed with a cause after it has been served with a Writ of Certiorari issued by an appellate court. *DeMatteo v. White*, 233 Pa.Super. 339, 336 A.2d 355 (1975). An order entered by a lower court in an action on appeal can have no determinative effect upon the appeals. *Weise v. Goldman*, 229 Pa.Super. 187, 323 A.2d 31 (1974). "This has been the common law rule at least since *Ewing v. Thompson*, 43 Pa. 372 (1862), and has been consistently followed." *Corace v. Balint*, 418 Pa. 262, 276, 210 A.2d 882, 889 (1965). In the case at bar, the lower court clearly had no authority to issue the

revised order of June 27, 1975, because jurisdiction had already vested in our court.

The order of June 27, 1975, is vacated and the order of June 2, 1975, is reinstated. The matter is remanded to the lower court for an evidentiary hearing to determine if appellant has complied with the requirements of the June 2, 1975, order. If appellant has complied with that order, the case may proceed to a determination of the merits or such other determination as may be proper. If the lower court determines that appellant has not complied with the requirements of the June 2, 1975, order, then judgment will be entered for appellees.

HOFFMAN, J., files a concurring opinion in which SPAETH, J., joins.

HOFFMAN, Judge (concurring) :

I agree with the Majority that the June 27, 1975 order must be stricken and the June 2, 1975 order reinstated. I also agree that the matter should be remanded to the lower court for an evidentiary hearing to determine if appellant has complied with the requirements of the June 2, 1975 order. I believe, however, that the trial judge may, in his discretion, find that appellant has "substantially complied" with the order, even if service was not made within the thirty days provided by the order. The hearing court may determine that appellant reasonably relied on the validity of the June 27 order and, consequently, failed to make immediate service of process. Such reliance may be indicated by the fact that on June 30, plaintiff filed a praecipe to reinstate the complaint against appellee and issued the reinstated complaint to the sheriff for service. Reinstating the complaint would not be a necessary or logical step if plaintiff was attempting to comply with the June 2 order.

Finally, appellant *may* be entitled to appeal both the results reached in the evidentiary hearing on remand and

the validity of the underlying June 2 order. I do not read the majority opinion to address or decide the scope of appellant's opportunity to appeal after the evidentiary hearing.

SPAETH, J., joins in this concurring opinion.