378 A.2d 453

**Jack MATTSON, Appellant,**

v.

**F. Emmett FITZPATRICK, Jr., Admr. of the Estate of Russell Newson, Jr., Deceased, Edward Chatterton, a/k/a Ed Chatterton, David M. Atkinson, Pennsylvania Turnpike Commission.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1976.

Decided Oct. 6, 1977.

Jon M. Lewis, Greensburg, for appellant.

Rabe F. Marsh, III, Greensburg, with him Christ C. Walthour, Jr., Greensburg, for appellees.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The sole question on this appeal is whether the withdrawal and discontinuance of an appeal from a judgment on the pleadings in favor of the Pennsylvania Turnpike Commission (Commission), one of multiple defendants, bars further proceedings in the lower court against the remaining defendants. We hold that it does not, and therefore, reverse the lower court's decision making a rule to show cause absolute and marking the docket in this case discontinued.

Appellant alleged that the Commission was negligent, thereby contributing to injuries he received in an automobile accident on March 3, 1967. On April 18, 1971, the Westmoreland County Court granted the Commission a judgment on the pleadings based on sovereign immunity. We issued a Writ of Certiorari upon the appeal from that judgment, and on March 29, 1972, the appeal was transferred to the Commonwealth Court.

Had the Commonwealth Court taken action on the appeal, it would have been solely on the issue of the Commission's successful assertion of sovereign immunity in the lower court; no judgment affecting the remaining defendants could have issued from that appeal. The court did not act, however, because on July 16, 1973, appellant's counsel filed

with the Prothonotary of the Commonwealth Court a praecipe to withdraw and discontinue the appeal.[1]

■ No further action was taken in this matter until approximately two years later, when on August 7, 1975, Jon M. Lewis, Esq., entered an appearance on appellant's behalf.[2] Counsel for appellees then filed a petition for a rule to show cause why the docket of Westmoreland County should not be marked "discontinued" and the action terminated, based upon the previous discontinuance in the Commonwealth Court. The matter here appealed was pending before the lower court when appellant filed a petition for reconsideration with the Commonwealth Court, asking that appellant be permitted to withdraw his appeal only and that the case not be discontinued. The Commonwealth Court's denial of that petition as unnecessary equates with our present disposition.

The issue appealed to the Commonwealth Court was only one of those raised by appellant's cause of action. Because the judgment on the pleadings relieved only the Commission of liability, only the Commission's status in this action was in issue on appeal. We have stated that:

"When an appeal is taken to an appellate court . . . the jurisdiction of the lower court is removed and the court of first instance may not further proceed with a cause as long as the appeal is still pending." *Weise v. Goldman,* 229 Pa.Super. 187, 188–89, 323 A.2d 31, 32 (1974). *Accord, Clemente v. International Ladies' Garment Workers' Union,* 242 Pa.Super. 402, 364 A.2d 333 (1976); *DeMatteo v. White,* 233 Pa.Super. 339, 336 A.2d 355 (1975).

Here, however, the lower court is now free to act because this case was merely delayed while a lower court decision,

1. The praecipe stated:
    "16 July 1973. The above action is hereby withdrawn and discontinued by Order of Theodore S. Danforth, Attorney for Appellant."
2. In addition, interrogatories were filed and a praecipe was entered placing the case on the trial list.

not dispositive of the action, was on appeal, which appeal was finally abandoned.

We find the abandonment of this appeal to be analogous to the quashing of an untimely appeal. Quashing an untimely appeal leaves the facts below subject to determination in the trial court. *Schmehl v. Mellinger*, 325 Pa. 487, 191 A. 62 (1937). Because the only issue decided by the lower court was that the Commission was not subject to suit, other issues presented by this case are ripe for lower court determination.

Appellee relies on the wording of the praecipe of "withdrawal" and "discontinuance" maintaining that the entire action, not just the appeal, was discontinued. Additionally, appellee insists that the two year delay between discontinuance in the Commonwealth Court and appellant's subsequent action in the lower court prove his intent to discontinue *in toto*. It is clear from the record that appellant negates any intent to discontinue his entire action in his answer to rule to show cause and in his petition for reconsideration. Appellant asserts that he intended to withdraw only his appeal; a confirmatory letter from the Commonwealth Court led him to believe that that would be the effect of his action.

In denying appellant's petition for reconsideration, the Commonwealth Court declared that "the withdrawal and discontinuance of an appeal to this Court constitutes a withdrawal and discontinuance of the appeal only, thereby remitting the cause of action to the lower court for such further proceedings as the status of the case in the lower court otherwise dictates." [3] We are in total agreement with this order.

The order of the lower court dated February 27, 1976 is reversed and this case is remanded to the Westmoreland County Court for further proceedings consistent with this opinion.

**3.** Order of the Commonwealth Court of Pennsylvania, February 18, 1976, No. 12 T.D. 1972.