Bobbie KRELL, N.B.K. Bobbie Beers, Appellant,

v.

Lawrence SILVER, M.D., Appellee.

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.

Filed Jan. 22, 2003.

Reargument Denied March 28, 2003.

---

Robert S. Mirin, Harrisburg, for appellant.

Joseph P. Hafer, Harrisburg, for appellee.

Before: STEVENS, LALLY–GREEN, and BECK, JJ.

STEVENS, J.

¶ 1 Appellant Bobbie Krell appeals from the Court of Common Pleas of Dauphin County's entry of judgment of *non pros* in favor of Appellee Lawrence Silver, M.D., and the denial of Appellant's motion for reconsideration filed with regard thereto. On appeal, Appellee requests that we quash this appeal as interlocutory or, in the alternative, find Appellant's claims to be waived because she failed to file a petition to open or strike the judgment of *non pros*.[1] On appeal, Appellant argues (1) her motion for reconsideration was the functional equivalent of a petition to strike or open the judgment of *non pros* entered in favor of Appellee, and (2) the trial court erred in granting judgment of *non pros* on the basis that Appellant failed to demonstrate due diligence in litigating her claim, had no compelling reason for delay in litigating her claim, and caused actual prejudice to Appellee. We decline to quash this appeal, however, we find Appellant's issues to be waived and thus affirm the judgment of *non pros*.

¶ 2 The relevant facts and procedural history are as follows: On January 26,

---

1. Appellee filed a motion seeking to quash Appellant's appeal as interlocutory. By order dated March 25, 2002, this Court denied the motion without prejudice to raise the issue again before the panel assigned the case. For reasons discussed *infra*, we decline to quash and, therefore, we deny Appellee's motion.

1995, Appellant filed a complaint against Appellee alleging that Appellee, who is a gynecologist, inappropriately touched Appellant during an examination and sold her birth control pills marked "not for sale" at a price of forty dollars. On that same date, Appellant filed interrogatories to be completed by Appellee. On February 16, 1995, Appellee filed an answer, and Appellant filed a response thereto on April 24, 1995.

¶ 3 On August 30, 1995, Appellant filed a motion to compel discovery and/or sanctions, Appellee filed a response, and by order dated August 30, 1995, the trial court ordered Appellee to provide the requested interrogatories within ten days. On March 3, 1998, after approximately three years of discovery, discovery motions, and orders with regard thereto, the trial court filed an order indicating that Appellant's counsel must question all of Appellee's current employees via deposition and all non-current employees by interview. Thereafter, there was no docket activity until November 3, 2001, when the Dauphin County Prothonotary sent notice to the parties that the matter was listed for purge on January 16, 2001 due to docket inactivity.

¶ 4 On January 3, 2001, Appellant filed a motion seeking to have her case removed from the purge list contending that she was unable to proceed because she had a life threatening illness [2] for seven months. On January 31, 2001, the trial court filed an order requiring the parties to either have a settlement noted on the docket, or complete all pretrial matters and file the appropriate paperwork in order to list the matter for trial or arbitration on or before June 29, 2001. If the parties were unable to complete a settlement or certify that the case was ready for trial or settlement, the parties were required to petition the court for a status conference by June 29, 2001. The trial court specifically stated that failure to abide by the January 31, 2001 order would result in termination of the matter. On June 29, 2001, Appellant did not abide by the court's January 31, 2001 order; but rather, her counsel sent a letter to the trial court indicating that she was unable to proceed because of her illness. No pleading or further communication was directed by Appellant to the trial court.

¶ 5 On September 20, 2001, Appellee filed a motion for judgment of *non pros* and a supporting brief alleging that Appellant's letter did not qualify as a formal pleading, request for stay of proceedings, or request for a status conference pursuant to the trial court's January 31, 2001 order. Appellee alleged that he was prejudiced by the continued inactivity and sought termination of Appellant's case. Appellant filed an answer and brief in opposition to Appellee's motion for a judgment of *non pros*, and on November 23, 2001, the trial court granted Appellee's motion for judgment of *non pros*.

¶ 6 On December 7, 2001, Appellant presented a filing entitled a "Motion For Reconsideration," and an accompanying brief. On December 11, 2001, the trial court denied the motion for reconsideration, and Appellant filed an appeal on December 20, 2001. The trial court filed an opinion.

■ ¶ 7 Initially, we must address whether Appellant filed a proper petition to open the judgment of *non pros* and, if not, determine the consequence of Appellant's failure to do so. Pennsylvania Rule

---

**2.** Appellant suffers from Nephrotic Syndrome, which is an auto-immune disorder affecting the kidneys.

of Civil Procedure 3051,[3] provides that:

(a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

¶ 8 Rather recently, the Pennsylvania Supreme Court examined Rule 3051 and the consequence of failing to abide by Rule 3051 in *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001). The Supreme Court explicitly stated that Rule 3051 adopted a uniform procedure for all of the different types of judgments of *non pros.* Specifically, quoting the Comment to Rule 3051, the Supreme Court stated:

The rule will apply in all cases in which relief from a judgment of *non pros* is sought, whether the judgment has been entered by a praecipe as of right or by the court following a hearing. Where the court has not participated in the entry of the judgment, the rule will provide a procedure for the court involvement and the making of a record which an appellate court will be able to review. Where the court has entered a judgment of *non pros* following a hearing, the rule will provide the court with an opportunity to review its prior decision. However, if the court is certain of its prior decision, it will be able to quick-ly dispose of the matter since the parties have already been heard on the issues.

The Rule makes no distinction between judgments of *non pros* entered with or without prejudice. The Rule's mandatory phrasings that relief from a *non pros* 'shall be sought by petition' and 'must be asserted in a single petition' clearly connote a *requirement* that parties file a petition with the trial court in the first instance. The comment indicates [the Rule]...applies to *all* judgments of *non pros.*

*Sahutsky,* 566 Pa. at 598, 782 A.2d at 999 (quotation omitted) (emphasis in original).

■ ¶ 9 The Supreme Court reasoned that requiring a petition to open or strike a judgment of *non pros* ensures that the trial court will have an opportunity to review the matter in the first instance. "Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal." *Sahutsky,* 566 Pa. at 599, 782 A.2d at 1000.

■ ¶ 10 Having concluded in *Sahutsky* that Rule 3051 requires a petition to open or strike with regard to all types of judgments of *non pros,* the Supreme Court examined the consequence of failing to file such a petition. The Supreme Court specifically held that the failure to file a Rule 3051 petition operates as a waiver of any claims of error concerning the judgment of *non pros* entered by the Court of Common Pleas. In making this determination, the Supreme Court dismissed the appellant's argument that an appellate court should quash an appeal as interlocutory, instead of finding the claims to be waived, when an appellant fails to file a petition to open or

---

**3.** Adopted November 19, 1991, effective January 1, 1992. Amended December 2, 1994, effective July 1, 1995.

strike a judgment of *non pros*. When an appellant files an appeal directly from a judgment of *non pros*, "quashal is inappropriate[,] the proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised." *Sahutsky*, 566 Pa. at 601 n. 3, 782 A.2d at 1001 n. 3.[4]

■ ¶ 11 In the case *sub judice*, applying the dictates of *Sahutsky*, we conclude that Appellant failed to file a petition to open or strike the judgment of *non pros*, and, therefore, we find all of her claims to be waived on appeal. Recognizing that she did not file a "Petition to Open or Strike the Judgment of *Non Pros*," Appellant urges this Court to accept her motion for reconsideration as the functional equivalent of a petition to open or strike, thereby avoiding waiver. We decline to do so.

¶ 12 In *Sahutsky*, the Supreme Court noted that in some circumstances a procedurally flawed petition may suffice to meet the dictates of Rule 3051, even though the petition was not entitled "Petition to Open or Strike a Judgment of *Non Pros*." The Supreme Court cited Pa.R.C.P. 126 for the proposition that the trial court may overlook procedural defects which do not prejudice the rights of a party. However, we conclude that Appellant's motion for reconsideration does not substantially comply with Rule 3051, and, therefore, we conclude that the motion for reconsideration is not the functional equivalent of a petition to strike or open.[5]

■ ¶ 13 In *Stephens v. Messick*, 799 A.2d 793 (Pa.Super.2002), this Court held that a movant must establish three factors in order to have a judgment of *non pros* opened. First, the petition to open must be promptly filed; second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of *non pros*; and third, there must exist facts that would support a meritorious cause of action. *Stephens, supra*. Here, Appellant failed to raise arguments concerning all three factors in her motion for reconsideration. For example, in her motion for reconsideration, Appellant made two arguments as to why the court should reconsider the judgment of *non pros*: (1) the case was listed for trial for October 18, 2001 when judgment of *non pros* was entered, and (2) Appellee generally did not meet all of the requirements necessary for the entry of judgment of *non pros*. In her brief attached to the motion for reconsideration, Appellant further explained her second argument by indicating that the pre-judgment delay was due to injuries sustained by Appellant's counsel in a car accident in January of 1997, Appellant was ill and house bound for all of 2000 and 2001, and numerous discovery requests were made

---

4. We note that in *Stephens v. Messick*, 799 A.2d 793 (Pa.Super.2002), a panel of this Court examined whether the trial court properly denied a petition to open/strike a judgment of *non pros*. In making this determination, the panel discussed the fact that the appellant's initial appeal, which was taken directly from the judgment of *non pros*, was quashed by this Court because a petition to open or strike the judgment was not filed in the trial court. We conclude that this Court's order quashing the appeal was filed in December 1996, well before the Supreme Court's decision in *Sahutsky*. As such, this Court's conclusions and analysis concerning quashal in *Stephens* is not binding on this panel. Moreover in *Stephens*, Judge Beck noted in her concurring opinion that the waiver issue should not have been discussed in that particular case. Otherwise, *Stephens* is in direct conflict with the Supreme Court's decision in *Sahutsky*.

5. It is clear that Appellant sought to open the judgment of *non pros* and not strike the judgment of *non pros*. A petition to strike a judgment and a petition to open are two distinct remedies. *See Williams v. Wade*, 704 A.2d 132 (Pa.Super.1997).

prior to judgment of *non pros* being entered. Appellant also averred generally in her brief that Appellee was not prejudiced by the pre-judgment delay.

¶ 14 While Appellant offered reasons for the delay preceding the entry of judgment of *non pros,* she made no indication that her motion/petition was promptly filed or that there were facts which supported a meritorious cause of action. As such, Appellant's motion for reconsideration is not the functional equivalent of a petition to open a judgment of *non pros,* and we find all of the issues raised in Appellant's brief to be waived under *Sahutsky.*

¶ 15 Affirmed.

