**Joseph F. DOCKERY and Robin M. Dockery, Husband and Wife, Appellants**

v.

**BOROUGH OF EAST STROUDSBURG.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 2011.

Decided June 24, 2011.

Michael D. Collins, Shawnee on Delaware, for appellants.

Suzanne Tighe, Scranton, for appellee.

BEFORE: McGINLEY, Judge, and BUTLER, Judge (P), and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Joseph F. and Robin M. Dockery, husband and wife, appeal from the July 12, 2010, order of the Court of Common Pleas of Monroe County (trial court), denying their second petition to open or strike the judgment of *non pros* entered against them on February 3, 2010. We affirm.

In December 2003, the Dockerys filed suit against the Borough of East Stroudsburg (Borough), alleging that the Borough negligently failed to maintain its storm drains. The complaint alleged unspecified

damages to the Dockerys' personal and real property as a result of flooding that occurred on June 12 and June 13, 2003.[1] In February 2004, the Borough filed an answer and new matter disputing liability. The Dockerys did not file a response to the new matter.

In March 2004, the Borough served interrogatories and a request for production of documents on the Dockerys' counsel but received no response. In June 2005, the Borough filed a motion to compel discovery responses with a rule returnable date of June 21, 2005. On August 1, 2005, the Dockerys filed an answer to the motion to compel, which contained incomplete responses to the discovery requests. On May 10, 2006, the Dockerys' counsel filed a notice of change of address. No further docket activity is reflected until December 4, 2009.

On December 4, 2009, the Borough filed a motion for judgment of *non pros* for failure to prosecute, to which the Dockerys filed a response. The trial court heard argument on the motion on January 4, 2010. On February 3, 2010, the trial court granted the motion for judgment of *non pros* and dismissed the Dockerys' complaint.

The Dockerys appealed the February 3, 2010, order to the Superior Court. On March 12, 2010, the Dockerys filed a petition to open or strike the judgment of *non pros* with the trial court. The trial court, however, declined to rule on the Dockerys' petition due to the pending appeal. Thus,

on March 17, 2010, the Dockerys voluntarily discontinued their appeal.

On March 25, 2010, the Dockerys filed a second petition to open or strike the judgment of *non pros*, to which the Borough filed a response. On July 12, 2010, the trial court denied the petition. The Dockerys appealed the July 12, 2010, order to the Superior Court, which transferred the matter to this court for disposition.

On appeal, the Dockerys assert, *inter alia*, that the trial court improperly denied their second petition to open or strike the judgment of *non pros* without considering the merits of the petition. We disagree.[2]

The trial court entered the judgment of *non pros* on February 3, 2010. Rather than file a petition to open or strike the judgment, the Dockerys filed a direct appeal with the Superior Court. After the appeal was filed, however, the Dockerys discovered through legal research that the proper procedure for challenging a judgment of *non pros* is to promptly file a petition to open or strike the judgment. *See Sahutsky v. H.H. Knoebel Sons*, 566 Pa. 593, 598–99, 782 A.2d 996, 999–1000 (2001) (holding that every judgment of *non pros* must first be challenged by petition); Pa. R.C.P. No. 3051(a) (stating that relief from a judgment of *non pros* shall be sought by petition). The Dockerys attempted to cure this error by filing a petition to open or strike the judgment while the appeal was pending, which the trial court properly declined to consider. *See* Pa. R.A.P. 1701(a) (stating that after an appeal is filed, the trial court may no longer proceed further in the matter).[3]

---

1. Between June 12 and June 13, 2003, approximately four inches of rain fell in the Borough.

2. In light of our resolution of this issue, we need not reach the Dockerys' remaining issues regarding the propriety of the trial court's entry of the judgment of *non pros*.

3. We recognize that, in *E.O.J., Inc. v. Tax Claim Bureau of Schuylkill County*, 721 A.2d 79, 83 (Pa.Cmwlth.1998), this court held that the trial court had jurisdiction to rule on a petition for relief from a judgment of *non pros* filed after the filing of a notice of appeal. We concluded that, because a judgment of *non pros* is an interlocutory order, the trial court

As a result, the Dockerys discontinued their appeal and filed a second petition to open or strike the judgment with the trial court. The trial court denied the petition, stating that, once the judgment of *non pros* was entered, "the case in this court was terminated ... and the case was at an end." (Trial Ct. Op., 7/12/10, at 2.) Thus, even though the Dockerys had discontinued their appeal, the case in the trial court was over, and they could not revive it by filing a second petition to open or strike. *See Sahutsky*, 566 Pa. at 601 n. 3, 782 A.2d at 1001 n. 3 (stating that a judgment of *non pros* is a final order because it fully disposes of the case); *Mattson v. Fitzpatrick*, 250 Pa.Super. 62, 378 A.2d 453, 455 (1977) (noting that, once an appeal is withdrawn or discontinued, the appellate court remits the case to the lower court for such further proceedings as the status of the case in the lower court dictates).

Our Supreme Court has held that a plaintiff's failure to promptly file a petition to open or strike a judgment of *non pros* results in waiver of any claims of error concerning the *non pros*. *Sahutsky*, 566 Pa. at 601, 782 A.2d at 1001.[4] Therefore, because the Dockerys failed to file a petition to open or strike the judgment before filing their appeal, they waived all claims of error.

Relying on *Stephens v. Messick*, 799 A.2d 793 (Pa.Super.2002), the Dockerys assert that their delay in filing the instant petition should be excused because they filed their first petition to open "promptly" upon realizing that they incorrectly appealed from the February 3, 2010, order. We conclude that their reliance on *Stephens* is misplaced. In *Stephens*, the plaintiff initially appealed directly from the entry of *non pros*, and the Superior Court quashed the appeal because a petition to open the judgment of *non pros* was never filed. Four years later, the plaintiff filed a petition to open/strike the judgment, which was denied because "the trial court found that [the plaintiff] did not establish a valid excuse for the four year and two month delay between the quashal of her improper direct appeal ... and her finally filing a proper Pa.R.C.P. 3051 petition to strike or open the judgment." *Id.* at 801. On appeal, the Superior Court affirmed, concluding that "[b]y failing to promptly file a Pa.R.C.P. 3051 petition, [the plaintiff] waived all issues concerning the entry of the judgment of *non pros*." *Id.*

However, as the Superior Court subsequently explained in *Krell v. Silver*, 817 A.2d 1097, 1101 n. 4 (Pa.Super.2003), "*Stephens* is in direct conflict with the Supreme Court's decision in *Sahutsky* " to the extent that *Sahutsky* stated that, when a plaintiff improperly appeals from a judgment of *non pros*, the proper consequence is *not* quashal of the appeal but waiver of the claims that would be raised. As the *Krell* court pointed out, however, the quashal order in *Stephens* predated *Sahut-*

---

was permitted to rule on the petition even though an appeal had been filed. *Id.; see* Pa. R.A.P. 1701(b)(6) (after an appeal is taken, the trial court may proceed further in any matter in which a non-appealable interlocutory order has been entered). However, *E.O.J., Inc.* predates *Sahutsky*, in which the Supreme Court recognized that a judgment of *non pros* is *not* an interlocutory order. *See Sahutsky*, 566 Pa. at 601 n. 3, 782 A.2d at 1001 n. 3; *accord Krell v. Silver*, 817 A.2d 1097, 1100–01 (Pa.Super.2003).

4. In *Sahutsky*, the Supreme Court also rejected the plaintiff's argument that the appellate court should simply quash an improperly filed appeal as interlocutory rather than find the claims waived. The *Sahutsky* Court explained that, when a plaintiff files an appeal directly from a judgment of *non pros*, "quashal is inappropriate [and] the proper consequence of the failure to file a *Rule 3051* petition is a waiver of the substantive claims that would be raised." 566 Pa. at 601 n. 3, 782 A.2d at 1001 n. 3 (emphasis in original).

*sky. Id.* Nonetheless, the *Stephens* court ultimately concluded that the plaintiff's failure to promptly file a petition to open or strike the judgment of *non pros* resulted in waiver.

Therefore, we conclude that, under *Sahutsky,* the Dockerys' failure to file a petition to open or strike the judgment of *non pros* before filing an appeal resulted in a waiver of all substantive claims. Accordingly, we affirm the denial of their petition.

### ORDER

AND NOW, this 24th day of June, 2011, we hereby affirm the July 12, 2010, order of the Court of Common Pleas of Monroe County.