J. A14013/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL GERA (DECEASED), | : | IN THE SUPERIOR COURT OF |
| DOROTHY GERA, MICHAEL G. GERA | : | PENNSYLVANIA |
| AND JOHN M. GERA, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| MARYLOU RAINONE, D.O., | : | No. 1951 MDA 2013 |
| ROBERT DECOLLI, JR., D.O., AND | : | |
| SCHUYLKILL MEDICAL CENTER | : | |

Appeal from the Judgment Entered October 2, 2013,
in the Court of Common Pleas of Schuylkill County
Civil Division at No. S-641-2013

| | | |
|---|---|---|
| MICHAEL GERA, DECEASED, | : | IN THE SUPERIOR COURT OF |
| DOROTHY GERA, MICHAEL G. GERA, | : | PENNSYLVANIA |
| AND JOHN M. GERA | : | |
| | : | |
| v. | : | |
| | : | |
| MARYLOU RAINONE, D.O., | : | |
| ROBERT DECOLLI, JR., D.O., | : | |
| SCHUYLKILL MEDICAL CENTER | : | |
| | : | |
| APPEAL OF:  DOROTHY GERA, | : | |
| MICHAEL G. GERA AND JOHN M. GERA | :: | No. 2163 MDA 2013 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered November 1, 2013,
in the Court of Common Pleas of Schuylkill County
Civil Division at No. S-641-13

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND STRASSBURGER,* JJ.

---

\* Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 06, 2014**

Dorothy Gera, Michael G. Gera, and John M. Gera (collectively, "appellants"), ***pro se***, initiated this medical malpractice action by filing a praecipe for writ of summons on April 5, 2013. Subsequently, on May 7, 2013, a rule was entered to file a complaint within 20 days or suffer a judgment of ***non pros***. Appellants filed their complaint on May 10, 2013, bringing numerous claims including for medical malpractice, negligence, infliction of emotional distress, and loss of consortium. Appellants alleged that the 79-year-old decedent, Michael Gera, presented to Schuylkill Medical Center ("SMC") on April 6, 2011, for an exploratory laparotomy with right hemicolectomy for a cecal mass. According to the medical records, he tolerated the procedure well and his wounds were intact; however, by April 9 he was complaining of nausea and had a low grade temperature. A CT scan of the abdomen revealed a large amount of peritoneal fluid and the decedent was brought to the operating room on April 10, 2011, where he underwent an exploratory laparotomy. Post-operatively, the decedent was kept on the ventilator. On April 16, 2011, there was a "code blue" and the decedent was unresponsive and non-verbal. He was transferred to Geisinger Medical Center on May 9, 2011, with diagnoses including sepsis and acute respiratory failure. The decedent died on July 1, 2011. Appellants alleged that defendants-appellees failed to properly diagnosis and treat the decedent's post-operative condition which led to his death.

J. A14013/14

On June 11, 2013, appellees filed notice of intention to enter judgment of **non pros** for failing to file a Certificate of Merit ("COM") as required by Pa.R.C.P. 1042.3 for professional liability claims. On July 9, 2013, appellants filed a COM for each defendant, certifying that expert testimony of an appropriate licensed professional was unnecessary for prosecution of the claim. **See** Pa.R.C.P. 1042.3(a)(3). Thereafter, appellees filed motions to strike and for entry of judgment of **non pros**. Appellants filed a response, again claiming that expert testimony was unnecessary where the defendants' conduct was so grossly negligent that it was within the common knowledge of laypersons.

On August 26, 2013, the trial court granted appellees' motions in part, and denied them in part. The trial court found that appellants failed to comply with Pa.R.C.P. 1042.3(e),[1] which the trial court interpreted as prohibiting a **pro se** litigant from filing a COM stating that expert testimony is not required in their case under Rule 1042.3(a)(3). According to the trial

---

[1]     If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11.

Pa.R.C.P. 1042.3(e).

- 3 -

court, only an attorney can file a COM pursuant to Rule 1042.3(a)(3). (Order, 8/26/13 at 4.)[2]  However, the trial court denied appellees' requests for judgments of **non pros** because they failed to comply with Pa.R.C.P. 1042.11, requiring written notice of intent to enter a judgment of **non pros** for failure to file a written statement.  (***Id.*** at 6.)

Subsequently, appellees filed notices of intent to enter judgment of **non pros** within 30 days for failure to file a written statement from an appropriate licensed professional pursuant to Rule 1042.11.  On September 25, 2013, appellants filed a response to the trial court's August 26, 2013 order striking their COM.  Appellants reiterated their claim that expert testimony was unnecessary and disagreed with the trial court's interpretation of Rule 1042.3(e) that a **pro se** plaintiff cannot file a COM under Rule 1042.3(a)(3).

On October 1-2, 2013, appellees filed praecipes for entry of judgment of **non pros** for failure to file a written statement from an appropriate licensed professional pursuant to Pa.R.C.P. 1042.12.  The prothonotary entered judgments of **non pros** against appellants and in favor of each defendant/appellee on October 1 and 2, 2013.  Instead of filing a petition to open and/or strike off the judgments of **non pros**, appellants filed a notice of appeal on October 31, 2013, which was docketed by this court at No. 1951 MDA 2013.  By order filed November 1, 2013, in view of the

---

[2] The pages of the order are unnumbered; pagination is by our own count.

judgments of **non pros** entered by the prothonotary, the trial court denied/dismissed all outstanding motions as moot and discharged the defendants.

On November 13, 2013, while the appeal at No. 1951 MDA 2013 was pending, appellants filed with the trial court a "petition pursuant to Pa.R.C.P. 3051 for relief from judgment of **non pros**." Appellants' petition was denied on November 20, 2013, without comment. On December 2, 2013, this court issued a rule to show cause why the appeal at No. 1951 MDA 2013 should not be quashed as premature. We noted that a direct appeal does not lie from entry of a judgment of **non pros**; an appellant must first seek relief in the trial court, and failure to do so results in waiver. **Gera, et al. v. Rainone, et al.**, No. 1951 MDA 2013, **per curiam** order (Pa.Super. filed December 2, 2013), citing Pa.R.C.P. 3051; **Womer v. Hilliker**, 908 A.2d 269 (Pa. 2006); **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 381-382 (Pa.Super. 2011), **appeal denied**, 40 A.3d 1237 (Pa. 2012).

Appellants did not respond to the show cause order; however, on December 3, 2013, appellants filed another appeal at No. 2163 MDA 2013, appealing the November 1, 2013 order discharging appellees and denying and dismissing all of their outstanding motions as moot. Appellants' appeal notice also referenced the trial court's November 20, 2013 order denying their Rule 3051 petition. The trial court filed a Pa.R.A.P. 1925(a) opinion on

December 20, 2013, directing this court to its August 26, 2013 order. On December 26, 2013, this court discharged the show cause order and referred the matter to the merits panel. The appeals at No. 1951 MDA 2013 and No. 2163 MDA 2013 were consolidated **sua sponte**.

> The Pennsylvania Rules of Civil Procedure set forth provisions which apply specifically to professional liability actions and require a certificate of merit as a prerequisite to the action. **See** Pa.R.C.P. 1042.1-1042.8. Rule 1042.3, pertaining to the certificate of merit, states in relevant part:
>
> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff . . . shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> >
> > (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed

- 6 -

professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

. . . .

[1] (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

Pa.R.C.P. 1042.3(a), (d) (notes omitted). This rule applies to professional liability claims against licensed professionals, including 'a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error (MCARE) Act[.]' Pa.R.C.P. 1042.1(b)(1)(i). 'The rule contemplates that a certificate of merit will be filed contemporaneously with or shortly after the filing of the complaint, and provides a 60-day window after the filing of the complaint to accomplish the filing of the certificate of merit.' ***Varner v. Classic Cmtys.***

> **Corp.**, 890 A.2d 1068, 1073 (Pa.Super.2006) (citation, internal quotation marks, and brackets omitted). If the rule applies and the plaintiff fails to provide the certificate of merit, the prothonotary may, on praecipe of the defendant, enter a judgment of **non pros** against the plaintiff. **See** Pa.R.C.P. 1042.6.

**Ditch v. Waynesboro Hospital**, 917 A.2d 317, 320-321 (Pa.Super. 2007).

In **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996 (Pa. 2001), as in this case, the trial court granted the defendant's motion for judgment of **non pros** and dismissed the plaintiffs' complaint with prejudice; however, instead of filing a motion to open the judgment of **non pros**, the plaintiffs filed a notice of appeal. **Id.** at 997. Our supreme court held that Pa.R.C.P. 3051, governing relief from judgments of **non pros**, requires a party to file a petition to open the **non pros** with the trial court rather than seek appellate review. Because the plaintiffs failed to file the petition to open as required, their claims were deemed waived pursuant to Pa.R.A.P. 302. **Id.** at 1001.

Similarly, in **Krell v. Silver**, 817 A.2d 1097 (Pa.Super. 2003), **appeal denied**, 830 A.2d 976 (Pa. 2003), the trial court granted the defendant's motion for judgment of **non pros**. Instead of a petition to open, the plaintiff filed a "motion for reconsideration" and an accompanying brief. **Id.** at 1099. The motion was denied, and the plaintiff filed an appeal. **Id.** Following **Sahutsky**, this court found that the plaintiff's failure to file a petition to open or strike the judgment of **non pros** waived all claims on appeal. **Id.** at

- 8 -

1101. We also declined to consider the motion for reconsideration as the "functional equivalent" of a petition to open or strike, concluding that the motion did not substantially comply with Rule 3051. *Id.*

Instantly, appellants did not file a petition to open or strike the judgments of *non pros* as required by Rule 3051. Although *Sahutsky* and *Krell* did not involve a failure to comply with the COM requirements of Rule 1042.3, the comment to Rule 3051 indicates it applies to <u>all</u> judgments of *non pros*. *Sahutsky*, 782 A.2d at 999. The *Sahutsky* court found that "there is nothing in Rule 3051 or its Comment to suggest that any differentiation between the various types of *non pros* orders is appropriate." *Id.* at 1000. Accordingly, *Sahutsky* controls.

Instead of filing the requisite Rule 3051 petition, appellants filed an appeal directly from judgment of *non pros*. The failure to file a Rule 3051 petition with the trial court in the first instance operates as a waiver of any claims of error concerning the judgment of *non pros* entered by the trial court. *Sahutsky*. Therefore, all the issues raised in appellants' brief are waived. While we recognize the fact that appellants are *pro se* and that this case sadly involves the loss of a loved one, it is well established that *pro se* status confers no special benefit and "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Commonwealth v. Lyons*, 833 A.2d 245, 251-252 (Pa.Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted). Appellants are

charged with knowing the Rules of Civil Procedure the same as a represented plaintiff.

We acknowledge that, subsequent to their October 31, 2013 appeal, appellants filed a petition to open pursuant to Rule 3051 on November 13, 2013. While not binding on this court, we find the case of ***Dockery v. Borough of East Stroudsburg***, 24 A.3d 485 (Pa.Cmwlth. 2011), ***appeal denied***, 46 A.3d 718 (Pa. 2012), to be illuminating. In that case, the Borough filed a motion for judgment of ***non pros*** for failure to prosecute, which was granted and the plaintiffs' complaint was dismissed. The plaintiffs filed an appeal to this court, followed by a petition to open or strike the judgment of ***non pros*** with the trial court. The trial court declined to rule on the petition due to the pending appeal. Subsequently, the plaintiffs voluntarily discontinued their appeal. ***Id.*** at 486.

The plaintiffs then filed a second petition to open or strike the judgment of ***non pros***, which was denied. They filed a second appeal to this court, which transferred the matter to Commonwealth Court. ***Id.*** First, the Commonwealth Court found that the trial court properly declined to consider the plaintiffs' first petition, filed while the appeal was pending. ***Id.***, citing Pa.R.A.P. 1701(a) (after an appeal is filed, the trial court may no longer proceed further in the matter); ***Sahutsky***, 782 A.2d at 1001 n.3 (a judgment of ***non pros*** is not interlocutory and is a final, appealable order because it fully disposes of the case). Second, once judgment of ***non pros***

had been entered, the case in the trial court was terminated, and even though they discontinued their appeal, the plaintiffs could not revive it by filing a second petition to open or strike. *Id.* at 487, citing *Sahutsky*, *supra* (additional citation omitted). Therefore, the *Dockery* court determined that because the plaintiffs failed to file a petition to open or strike the judgment prior to filing the appeal, they waived all claims of error. *Id.*

Thus, in the matter *sub judice*, the trial court should not have considered appellants' November 13, 2013 petition to open, filed after an appeal was taken from the October 1-2, 2013 judgments of *non pros*. Appellants' failure to file a petition to open or strike the judgments of *non pros* before filing an appeal results in waiver of all substantive claims. *Sahutsky*, *supra*; *Dockery*, *supra*. Furthermore, even if we were to consider the November 13, 2013 petition, it is woefully inadequate. As stated in *Krell*, *supra*, three factors must be established in order to have a judgment of *non pros* opened: First, the petition is promptly filed; second, there is a reasonable explanation for the delay that preceded the entry of judgment of *non pros*; and third, there are facts supporting a meritorious cause of action. *Krell*, 817 A.2d at 1101, citing *Stephens v. Messick*, 799 A.2d 793 (Pa.Super. 2002). Appellants failed to address any of these three factors.

Finally, we note in passing that, clearly, this is a medical malpractice claim requiring a written statement from an appropriate licensed professional stating that the case has merit. Appellants' argument that their claims sound in ordinary negligence is easily dismissed.

> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [fact-finder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

*Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1074 (Pa.Super. 2006), quoting *Grossman v. Barke*, 868 A.2d 561, 570 (Pa.Super. 2005), *appeal denied*, 889 A.2d 89 (Pa. 2005), in turn quoting *Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411, 684 N.W.2d 864, 871 (2004) (citations and internal quotation marks omitted).

Obviously, appellants' claim that appellees acted negligently with respect to performance of the laparotomy and in dealing with the decedent's post-surgical complications would require expert medical testimony

regarding the decedent's condition and care. Such issues are not within the common knowledge and experience of a layperson. *Cf. Merlini v. Gallitzin Water Authority*, 934 A.2d 100 (Pa.Super. 2007), *affirmed*, 980 A.2d 502 (Pa. 2009) (the plaintiff was not required to file a COM against a defendant engineer where the plaintiff was essentially alleging a negligent trespass onto her property during the placement of a waterline); *Smith v. Friends Hospital*, 928 A.2d 1072 (Pa.Super. 2007) (plaintiff not required to file a COM where she alleged she sustained injuries during her hospitalization when she was sexually assaulted, physically assaulted, and beaten by hospital employees; nothing in her complaint was predicated on substandard medical treatment or deviation from an acceptable professional standard, and her cause of action was based solely upon her allegations that she was assaulted and beaten). As such, we need not address the trial court's conclusion that Rule 1042.3(e) requires *pro se* plaintiffs to attach a written statement to the COM and that only an attorney can file a COM without attaching a written statement.

Appeals dismissed.

Olson, J. joins this Memorandum.

Strassburger, J. files a Dissenting Statement.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: <u>11/6/2014</u>