Shan A. STEPHENS, Appellant,

v.

John W. MESSICK and Eunice A. Messick, h/w, and Wawa, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Jan. 15, 2002.

Filed April 18, 2002.

Jeffrey B. Albert, Philadelphia, for appellants.

Brett L. Messinger, Malvern, for appellee.

Before HUDOCK, KLEIN and BECK, JJ.

KLEIN, J.

¶ 1 Shan Stephens appeals from the order entered May 10, 2001 in the Court of Common Pleas of Delaware County that denied her petition, filed February 16, 2001, seeking to strike or, alternatively, open the judgment of *non pros* entered July, 1996. While the judgment of *non pros* was entered July 3, 1996, her petition to strike or open was not filed until February 16, 2001, four years and two months after this Court quashed her improper direct appeal of the entry of the judgment of *non pros*. Because there is no excuse for this delay, no issues are preserved for our review concerning the judgment of *non pros* and we affirm the decision of the trial court refusing to strike it or open it.

¶ 2 The critical issue in this case is whether Stephens waived her challenge to the initial entry of the *non pros* by failing to promptly file a Pa.R.C.P. 3051 petition seeking relief from the judgment of *non pros*. We conclude that filing a motion for reconsideration together with an improper direct appeal of the entry of the judgment of *non pros* is not the same as filing the proper petition to strike or open the *non pros* under Pa.R.C.P. 3051. Because Stephens waited for four years and two months after we quashed her improper direct appeal before she filed a proper

petition under Pa.R.C.P. 3051, and because that delay is not reasonably explained, it operates as a waiver of issues concerning whether the judgment of *non pros* was properly entered in the first instance.

¶ 3 As will be discussed in greater detail below, the trial court entered a judgment of *non pros* pursuant to the then controlling precedent of *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), following a period of docket inactivity that exceeded two years. In response, Stephens simultaneously filed a notice of appeal to our Court and a motion for reconsideration in the trial court. We quashed the appeal and the trial court did not rule on the motion for reconsideration.

¶ 4 Four years and two months after we quashed Stephens' improper direct appeal of the judgment of *non pros*, she filed a Pa.R.C.P. 3051 petition to strike or open the judgment of *non pros*. Her petition alleged that the entry of the judgment of *non pros* in the first instance was improper under the standards set forth in our Supreme Court's subsequently issued decision in *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998). The trial court found that Stephens lacked an adequate explanation (a) for her delay in filing a petition to strike or open the judgment, and (b) her delay preceding the entry of the judgment of *non pros*. The trial court denied her petition to strike or open the judgment of *non pros* on both grounds. Because we conclude that the delay in filing the petition to strike or open the judgment resulted in waiver, we do not reach the issue of whether the entry of the initial *non pros* was proper.

¶ 5 Stephens now appeals the trial court's order denying her petition to strike or open. Her presentation of the issues to some extent combines the consideration of the two separate periods of delay. She frames the issues for our review as follows:

1. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN FINDING THAT [STEPHENS] DID NOT OFFER A REASONABLE EXPLANATION FOR THE PERIODS OF DOCKET INACTIVITY WHEN THOSE PERIODS OF DOCKET INACTIVITY WERE THE RESULT OF THE LOWER COURT'S ADMINISTRATIVE DELAY?

2. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN FINDING THAT [WAWA] ESTABLISHED THE EXISTENCE OF ACTUAL PREJUDICE DUE TO THE DOCKET INACTIVITY.

Appellant's brief, p. 4.

¶ 6 On the other hand, Appellees John W. Messick, Eunice A. Messick and Wawa, Inc. (collectively Wawa) contend that this appeal concerns only the trial court's refusal to strike or open the judgment of *non pros*. They counter-state the issue on appeal as follows:

1. WHETHER THE TRIAL COURT ERRED IN DENYING [STEPHENS'] MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO OPEN JUDGMENT OF NON PROS?

Appellees' brief, p. 1.

¶ 7 Implicit in Wawa's counter-statement of the issue is the contention that Stephens has waived any issues concerning the entry of the judgment of *non pros*. As we may not consider issues that have not been properly preserved, *Arthur v. Kuchar*, 546 Pa. 12, 682 A.2d 1250, 1255 (1996), our first task is to determine what issues, if any, have been properly preserved for our review. We conclude that Stephens' failure to promptly file a Pa. R.C.P. 3051 petition to strike or open the judgment of *non pros* operates as a waiver

of any issues concerning the *non pros* and, therefore, precludes our review of the entry of the judgment of *non pros* in the first instance.

¶ 8 It is significant that the initial entry of a judgment of *non pros* and a subsequent request for relief from a judgment of *non pros* are governed by different standards. It is helpful to review them here together with their applicable standards of appellate review.

¶ 9 Our Supreme Court set forth a three-part test for entering a judgment of *non pros in James Brothers Company v. Union Banking and Trust Company of Du Bois*, 432 Pa. 129, 247 A.2d 587 (1968):

> A Court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death or unexplained absence of material witnesses.

*Id.* at 589. Subsequently, in *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), the Supreme Court refined the prejudice element of the *James Brothers* test by creating a presumption of prejudice in any case in which there was delay, evidenced by a lack of docket activity, lasting two years or more. *Penn Piping*, with its presumption of prejudice, was the controlling precedent at the time the trial court granted Wawa's motion for entry of the judgment of *non pros* in this case.

¶ 10 More recently, in *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), our Supreme Court abandoned the *Penn Piping* presumption of prejudice and reinstated the original *James Brothers*

three-part test for the entry of a judgment of *non pros*. Thus, subsequent to *Jacobs*, the moving party was once again required to demonstrate that its opponent's delay has caused actual prejudice. The decision whether to enter a judgment of *non pros* is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Jacobs*, 710 A.2d at 1101, *citing Gallagher v. Jewish Hospital Ass'n*, 425 Pa. 112, 228 A.2d 732, 733 (1967).[1]

¶ 11 Once a judgment of *non pros* has been entered, a different three-part test determines whether a party may obtain relief from the judgment. First, the petition seeking relief from the judgment of *non pros* must be promptly filed. Second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of *non pros*. Third, the movant must show facts to exist that would support a meritorious cause of action. *Pine Township Water Co., Inc. v. Felmont Oil Corp.*, 425 Pa.Super. 473, 625 A.2d 703, 705 (1993); Pa.R.C.P. 3051. A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review. *Sklar v. Har-*

*leysville Insurance Co.*, 526 Pa. 617, 587 A.2d 1386 (1991).

¶ 12 Here, Stephens complains that the judgment of *non pros* should not have been entered in the first instance. Although her appeal is taken, as it must be, from the final appealable order denying her Pa.R.C.P. 3051 petition to strike or open the judgment of *non pros*, Stephens seeks appellate review of the propriety of the earlier interlocutory order granting Wawa's petition for the entry of the judgment of *non pros*. As a general rule, interlocutory orders that are not subject to immediate appeal as of right may be reviewed on a subsequent timely appeal of the final appealable order or judgment in the case. *See, e.g., Triffin v. Janssen*, 455 Pa.Super. 513, 688 A.2d 1212 (1997) (interlocutory order that was not immediately appealable as of right was reviewable on appeal after a final judgment).

¶ 13 Notwithstanding the express provisions of Pa.R.C.P. 3051 that relief from a judgment of *non pros* must be sought by a petition seeking to strike off or open the judgment, Stephens filed a notice of appeal on July 31, 1996. She also filed a motion requesting reconsideration on that same date.[2] The trial court did not expressly grant Stephens' motion for re-

---

1. We note that in a footnote, our Supreme Court has permitted review of the propriety of the initial interlocutory order entering a judgment of *non pros* on an appeal from the subsequent final appealable order denying a petition to strike or open the judgment of *non pros*. *Jacobs*, 710 A.2d at 1101, n. 4.

   We agree that, in an appropriate case, *Jacobs* permits us to consider whether a judgment of *non pros* was properly entered in the first instance rather than whether the subsequent petition to strike or open the judgment was properly denied. This, however, is not an appropriate case because Stephens did not promptly file a petition to strike or open the judgment of *non pros*. She made procedural mistakes in her re-

sponse to the entry of the judgment of *non pros* that preclude us from reviewing the entry of that judgment in this appeal.

2. Stephens' motion indicated that the order was dated July 3, 1996 because her motion, filed on July 31, 1996, would have appeared to be untimely filed if it referred to an order either dated June 27, 1996 or entered June 28, 1996. We note that Pa.R.A.P. 108(b) provides that the date of entry of the order "shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa. R.Civ.P. 236(b)." Thus, the judgment of *non pros* was entered on July 3, 1996 and we have referred to this date rather than June 27, 1996 or June 28, 1996.

consideration within 30 days of July 3, 1996. Our Court, in an order dated October 29, 1996, granted Wawa's motion to quash Stephen's appeal of the order entering the judgment of *non pros*. *Stephens v. Messick*, No. 2804 PHL 96. The appeal was quashed because, on and after January 1, 1992, an appeal only lies from a trial court's order denying a petition for relief from a judgment of *non pros*; no appeal lies from an order entering a judgment of *non pros*. *Xu Xu v. Montefiore Hosp.*, 422 Pa.Super. 114, 618 A.2d 1043 (1993).

¶ 14 The trial court's docket next reflects that on November 27, 1996, Stephens filed a supplemental memorandum of law in support of her motion for reconsideration. Wawa filed a responsive memorandum of law on June 27, 1997.

¶ 15 There was no further docket activity for more than four years, until January 22, 2001. On that date, the trial court issued a Notice of Intention to Terminate Civil action pursuant to Delaware County Local Civil Rule *34 and Pennsylvania Rule of Judicial Administration 1901. Prompted into action by this notice, Stephens filed both a petition to strike or open the judgment of *non pros* entered on July 3, 1996 and an active status certification on February 16, 2001. Wawa filed an answer in opposition to Stephens' petition to strike or open the judgment.

¶ 16 Stephens' petition and Wawa's answer were assigned to the Honorable Edward J. Zetusky, Jr. Judge Zetusky conducted a hearing on April 23, 2001. Counsel for both parties presented oral argument, but neither party presented testimony or documentary evidence. By an order dated April 30, 2001, that was deemed to have been entered on the docket upon the giving of Rule 236 Notice on May 10, 2001, Judge Zetusky denied Stephens' petition to strike or open the judg-

ment of *non pros*. This timely appeal followed.

¶ 17 Stephens asserts that any blame for her four year and two month delay in bringing her Pa.R.C.P. 3051 petition to strike or open the judgment of *non pros* is both attributable to and reasonably explained by the trial court's failure to rule on the motion for reconsideration she filed simultaneously with her improper direct appeal of the entry of the judgment of *non pros*. She argues that the trial court should have considered her motion for reconsideration as if it were a Pa.R.C.P. 3051 petition to strike or open the judgment of *non pros*. It follows, according to Stephens, that she promptly responded to the entry of the judgment of *non pros* such that she is entitled to obtain review of its entry even though she did nothing during the four years and two months after our Court quashed her improper direct appeal. We disagree.

¶ 18 We find nothing in *Jacobs* that relieved Stephens of her obligation to timely file a proper petition to strike or open the judgment of *non pros*, as required by *Pine Township Water Co.*, notwithstanding that she intended to argue on appeal that the judgment should not have been entered in the first place. At all times relevant to this litigation, Pa.R.C.P. 3051 explicitly required the prompt filing of a petition to strike or open a judgment of *non pros*. Our Supreme Court has held that the failure to file a Pa.R.C.P. 3051 petition to strike or open a judgment of *non pros* operates as a waiver of any claims of error concerning that judgment. *Sahutsky v. H.H. Knoebel Sons*, 566 Pa. 593, 782 A.2d 996 (2001). We see no reason to treat Stephens' failure to promptly file a Pa.R.C.P. 3051 petition differently from the failure to file the petition in *Sahutsky*. Both cases involve non-compliance with the requirements of Pa.R.C.P.

3051. Therefore, both cases should compel the same result, i.e., the waiver of all issues concerning the judgment of *non pros*.

■■■ ¶ 19 Stephens seeks to avoid this result by arguing that her motion for reconsideration filed 28 days after the entry of the judgment of *non pros* was the functional equivalent of a Pa.R.C.P. 3051 petition to strike or open. Her argument is based on the portion of footnote 4 in *Jacobs* that noted that the trial court treated Jacob's motion for reconsideration as a petition to open the judgment of *non pros* because it contained all the required elements of a petition to open. *Jacobs*, 710 A.2d at 1101, n. 4. Stephens' reliance on this aspect of *Jacobs* is misplaced because her motion for reconsideration did not contain all of the required elements of a petition to open.

¶ 20 As noted previously, one of the required elements of a Pa.R.C.P. 3051 petition is that facts must be shown to exist which support. a meritorious cause of action. *Pine Township Water Co., supra.* Our review of Stephens' petition for reconsideration reveals that it merely repeats the averments of her complaint. She did not aver any specific facts elicited during discovery that would tend to show that her cause of action is meritorious. Likewise, she did not attach to her petition for reconsideration any deposition testimony or expert reports that would be sufficient to carry her burden of proof at trial. Because Stephens' motion for reconsideration did not contain all of the required elements for a petition to strike or open the judgment of *non pros*, the trial court neither erred as a matter of law nor abused its discretion when it declined to consider the motion for reconsideration as if it were a petition to strike or open the judgment of *non pros*.

■■■ ¶ 21 Even if Stephens' motion for reconsideration did contain all of the required elements of a petition to strike or open pursuant to Pa.R.C.P. 3051, we would still not find any reversible error arising from the fact that the trial court did not consider her motion. By filing her motion for reconsideration together with a notice of appeal of the order entering the judgment of *non pros*, Stephens brought the provisions of Pa.R.A.P. 1701 into play. Rule 1701(b)(3) permits a trial court to reconsider an order that has been appealed, but only if the trial court enters an order expressly granting reconsideration within the time allowed for the taking of the appeal. Pa.R.A.P. 1701(b)(3). Had the order granting the judgment of *non pros* been immediately appealable as of right, the time for filing an appeal would have been 30 days. Pa.R.A.P. 903(a). Stephens filed her notice of appeal and motion for reconsideration on the 28th day after the trial court gave the requisite notice of the entry on the docket of the order granting Wawa's motion for the judgment of *non pros*. Stephens only left the trial court two days in which to expressly grant the motion for reconsideration. It did not do so. Rule 1701 precluded the trial court from taking any action on the motion after the 30 days.

■■■ ¶ 22 Stephens nonetheless persists in blaming the trial court for her delay. She argues that after our Court quashed her improper direct appeal of the judgment of *non pros*, the trial court should have treated her motion for reconsideration as a petition to strike or open the judgment of *non pros*. She says the request contained in her supplemental memorandum of law in support of the motion for reconsideration should have been enough to place the burden on the trial court. Even if we were to assume that her motion for reconsideration was still opera-

tive, we disagree that the trial court erred or abused its discretion in not considering the motion as a petition to strike or open the judgment of *non pros* in response to her supplemental memorandum.

¶ 23 Stephens' supplemental memorandum of law called the trial court's attention to cases in which motions for reconsideration were treated as petitions to strike or open pursuant to Pa.R.C.P. 3051. Stephens' supplemental memorandum of law, like her original motion for reconsideration, still failed to contain all of the requisite elements of a proper petition pursuant to Pa.R.C.P. 3051. Her supplemental memorandum of law did not demonstrate the existence of any facts that would make her cause of action meritorious. Thus, as of November 1996, Stephens still had not made any filing that could be treated as a Pa.R.C.P. 3051 petition to strike or open the judgment of *non pros.*

¶ 24 Even assuming the trial court *could* have considered the motion for reconsideration as a petition to strike or open the *non pros,* it would not have been the court's burden to make sure that there was a ruling on the motion. A motion for reconsideration appeals to the court's discretion, and, in most cases, after the thirty day appeal period passes, the court is without jurisdiction to reconsider its judgment. *See* Pa.R.A.P. 1701; *see also* 42 Pa.C.S. § 5505. Normally, motions for reconsideration expire on their own after the thirty day period. It is not the obligation of the court to determine whether a motion captioned as a motion for reconsideration is actually something else or whether there is an outstanding motion that needs the

court's attention. There was nothing preventing Stephens from writing a letter to the court during the four years and two months that nothing was done saying she wished to have some kind of ruling on her motion for reconsideration, which she intended to serve as a petition to strike or open the *non pros.* The delay is attributable to counsel, not the court.

¶ 25 In summary, the trial court found that Stephens did not establish a valid excuse for the four year and two month delay between the quashal of her improper direct appeal of the July 3, 1996 order entering the judgment of *non pros* and her finally filing a proper Pa.R.C.P. 3051 petition to strike or open the judgment. We equate this finding with a finding that her Pa.R.C.P. 3051 was not promptly filed. We reject Stephens' argument that her motion for reconsideration of the July 3, 1996 order and her subsequent supplemental memorandum of law in support of that motion were the functional equivalent of a promptly filed Pa.R.C.P. 3051 petition. By failing to promptly file a Pa.R.C.P. 3051 petition, Stephens waived all issues concerning the entry of the judgment of *non pros.* We are therefore precluded from addressing her claim that the trial court erred in affording Wawa the then controlling *Penn Piping* presumption of prejudice when it entered the judgment of *non pros.*[3]

¶ 26 Order affirmed.

¶ 27 BECK, J., files a Concurring Statement.

## Concurring Statement by BECK, J.

---

3. We note that Stephens' Pa.R.C.P. 3051 petition alleged that her counsel learned from an unidentified representative of the trial court's Office of Court Administration in February, 2001 that another judge of the trial court supposedly had marked this case settled sometime in 1997. Our review of the record

discloses no evidence of any such judicial action. Moreover, we fail to see what relevance that would have to Stephens' failure to promptly file the required Pa.R.C.P. 3051 petition to open the judgment of *non pros* entered on July 3, 1996.

¶ 1 I write separately because I find that the majority's discussion of waiver is unnecessary to the resolution of the issue before the Court. The issue in this case as stated clearly by appellee Wawa is "[w]hether the trial court erred in denying [Stephens's] motion to strike or, in the alternative, to open judgment of non pros?" To answer this question we must determine if the trial court correctly applied the relevant law to the facts of this case.

¶ 2 In order to open a judgment of *non pros,* the petitioner must 1) promptly file a petition to open, 2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros, and 3) establish that there are sufficient facts to support a cause of action. *Kruis v. McKenna,* 790 A.2d 322 (Pa.Super.2001). I believe that the trial court did not abuse its discretion in finding that Stephens failed to carry her burden to open the *non pros* because, as the trial court found, she failed to offer any reasonable explanation for the extensive periods of inactivity and delay in this case. Furthermore, Stephens certainly failed to file a proper petition to open the judgment of *non pros* promptly, having waited over four years to do so. I agree with the majority's ultimate resolution of this case, but I believe a discussion of waiver is not relevant.