J-A26038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KATHLEEN D. DAUTRICH, IN HER CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF SHANNON K. DAUTRICH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| READING HOSPITAL AND MEDICAL CENTER AND DR. DOE | |
| Appellee | No. 1467 MDA 2014 |

Appeal from the Judgment Entered on August 1, 2014
In the Court of Common Pleas of Berks County
Civil Division at No.: 14-3418

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 18, 2015**

Kathleen Dautrich, Esq., appearing as administratrix of the estate of Shannon Dautrich, appeals the trial court's August 1, 2014 entry of a judgment of *non-pros*.  In the trial court, she failed in her effort to file her petition to open the judgment electronically, as permitted but not required by local rule.  She contends that defects in the notice furnished to her and what amounts to a clerical error or overly technical decision by the prothonotary, as well as her lack of familiarity with the then-newly-implemented electronic filing system, conspired to prevent her from filing the petition in a fashion that was acceptable to the trial court.  She seeks a

---

[*]     Retired Senior Judge assigned to the Superior Court.

remand to enable her to file a technically compliant petition to open *nunc pro tunc*. We quash Dautrich's appeal and remand.

The trial court has provided the following brief procedural history of the instant matter:

> On March 3, 2014[, Dautrich] filed a Praecipe for Writ of Summons against [Reading Hospital and Medical Center and Dr. Doe (hereinafter, "Reading Hospital")] for a medical malpractice action. On April 24, 2014[, Dautrich] reissued the writ. On May 12, 2014[, Reading Hospital] issued a rule to file a complaint. On May 29, 2014[, Dautrich] filed a complaint. On June 30, 2014[,Reading Hospital] file[d] a Notice of Intention to Enter Judgment of *Non Pros* on the [p]rofessional [l]iability [c]laim for failure to file a certificate of merit as required by Pa.R.C.P. 1042.3. Said notice was served by certified and ordinary mail to [Dautrich] at 530 Court Street, 2nd floor, Reading, PA 196012, the same address [Dautrich] filed with the [p]rothonotary. On August 1, 2014[, Reading Hospital] filed a Praecipe for Entry of Judgment of *Non Pros* Pursuant to Rule 1042.7 and served the same on [Dautrich] by regular mail as evidenced by the [c]ertificate of [s]ervice. On August 1, 2014[,] the [p]rothonotary, pursuant to Pa.R.C.P. 236 entered a judgment of *non pros*. On September 2, 2014[, Dautrich] filed a [n]otice of [a]ppeal to the Superior Court. On September 9, 2014[, the trial court] directed [Dautrich] to file a [concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)].

Trial Court Opinion, 1/13/2015, at 1-2.

Conspicuously absent from this account of the procedural history is any mention of the petition to open that furnishes the subject of this appeal. That is a consequence of the fact that none was filed as of the date that Dautrich filed her notice of appeal, nor does any such filing appear on the

- 2 -

trial court docket as of June 2, 2015. Nonetheless, we must review Dautrich's account of those events that are not reflected in the docket.

As Dautrich correctly notes, although the judgment of *non pros* was entered of record on August 1, 2014, the requisite Rule 236 notice of the judgment was not served upon the parties until August 12, 2014. Dautrich avers that she attempted to file a petition to open the judgment electronically on August 28, 2014. She filed the instant notice of appeal two business days later on September 2, 2014. On September 3, 2014, three business days after she attempted to file her petition to open, the prothonotary notified her that her electronically-filed petition was defective because it lacked an acceptable signature.

On December 2, 2014, this Court entered a rule directing Dautrich to show cause within fourteen days why her appeal should not be dismissed. Therein, we observed that no direct appeal will lie from a judgment of *non pros*. Rather, under Pa.R.C.P. 3051, the subject of a *non pros* judgment must file a petition to open the judgment in the trial court to enable appellate review. An appeal will lie only from a trial court's denial of a petition to open. ***See*** Rule to Show Cause, 8/1/2014, at 1 (citing ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996 (Pa. 2001); ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380 (Pa. Super. 2011)).

On December 17, 2014, Dautrich filed her response, which was untimely by one day. Therein, Dautrich raised the issue of her vain attempt to file a petition to open or strike on August 28, 2014, and attached

- 3 -

documentation to support her account. By order entered on January 8, 2015, this Court dismissed the rule, but referred the issue to this panel without deciding whether the *non pros* judgment is appealable under the circumstances of this case.

We need not be unsympathetic to Dautrich's plight to conclude that we may not consider the merits of her appeal in this posture:

> "A request to open a judgment of *non pros,* like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action." ***Jung v. St. Paul's Parish***, 560 A.2d 1356, 1358 (Pa. 1989); Pa.R.C.P. 3051. A petition under Rule 3051 is the only means by which relief from a judgment of *non pros* may be sought. ***See*** Pa.R.C.P. 3051, Cmt. Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike. ***Id.***; ***Stephens v. Messick***, 799 A.2d 793, 798 (Pa. Super. 2002). Finally, failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of *non pros.* ***Id.*** at 797, 800.
>
> A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review. ***Parkway Corp. v. Margolis Edelstein***, 861 A.2d 264, 265 (Pa. Super. 2004).

***Madrid***, 24 A.3d at 381-82 (citations modified).

That Dautrich attempted to file such a petition does not change the fact that she failed. That being said, it does not appear to us that Dautrich is without any avenue by which to pursue relief in the wake of this appeal.

As she notes, the time period within which a petition to open must be filed is not absolute or impervious to equitable considerations.

> In evaluating whether the petition to open judgment has been promptly filed, "[the c]ourt does not employ a bright[-]line test . . . . [The court focuses] on two factors: (1) the length of the delay between discovery of the entry of a default judgment [and the filing of the petition], and (2) the reason for the delay." ***Allegheny Hydro No. 1 v. Amer. Line Builders, Inc.***, 722 A.2d 189, 193 (quoting ***Quatrochi v. Gaiters***, 380 A.2d 404, 407 (Pa. Super. 1977)).

***Dumoff v. Spencer***, 754 A.2d 1280, 1282 (Pa. Super. 2000) (citations modified).

While Dautrich's failure to file her petition to open the judgment may be her own doing, the trial court retains broad discretion to review the reasons for the delay with an eye toward equity. Indeed, insofar as her arguments before this Court fundamentally appeal to this Court's sense of equity, they are precisely the arguments she may raise before the trial court on remand as a basis for that court to forgive the delay. But we will not impinge upon the trial court's discretion in the first instance. Thus, while Dautrich is not yet entirely out of court, she is out of this Court. Because the trial court has not entered a disposition that we may review at this juncture, we have no choice but to quash this appeal and remand.

Appeal quashed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2015