J. S67029/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARFORD INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF |
| A/S/O CLEAN AND POLISH BUILDING | : | PENNSYLVANIA |
| SOLUTIONS | : | |
| | : | |
| v. | : | |
| | : | |
| LILLY CAB CORPORATION, PINELANDS | : | |
| INSURANCE COMPANY, RRG, | : | |
| INSURANCE OFFICE OF AMERICA, | : | |
| SPECTRUM TRANSPORTATION | : | |
| AGENCY, LLC, NTA ASSOCIATES, LLC, | : | |
| AND AMADOU KOUROUMA | : | |
| | : | |
| APPEAL OF:  INSURANCE OFFICE OF | : | No. 632 EDA 2016 |
| AMERICA AND SPECTRUM | : | |
| TRANSPORTATION AGENCY, LLC | : | |

Appeal from the Order January 25, 2016,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 002947, November Term, 2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 17, 2016**

Insurance Office of America ("IOA") and Spectrum Transportation

Agency, LLC ("Spectrum") (collectively, "appellants"), appeal from the order

entered January 25, 2016, granting appellee Harford Insurance Company

a/s/o Clean and Polish Building Solutions' petition to enforce settlement and

ordering appellants to pay, jointly and severally, the settlement funds of

$5,000 together with interest at the rate of 3.25% from December 22, 2014,

_____

* Former Justice specially assigned to the Superior Court.

and $1,180 in attorneys' fees.[1]  We vacate the order and remand for further proceedings.

According to the January 25, 2016 order, an agreement to settle this case occurred on December 17, 2014.  On November 20, 2015, appellee filed a praecipe for writ of summons together with a "Petition to Enforce Settlement and for Sanctions for Non-Payment of Settlement Funds." Appellee's petition was granted on January 25, 2016.  On February 5, 2016, the case was marked deferred, due to an order of liquidation for Pinelands Insurance Company ("Pinelands") from the Superior Court of the District of Columbia.  On February 17, 2016, appellants filed a motion for reconsideration of the January 25, 2016 order.  On February 19, 2016, appellants filed a timely notice of appeal.  On February 23, 2016, appellants were ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b), and they timely complied on March 7, 2016.  On March 17, 2016, the trial court purported to grant appellants' motion for reconsideration, vacated its order of January 25, 2016, and ordered the case stayed due to the liquidation of Pinelands and the accompanying administrative order (Administrative Docket No. 2 of 2015).  The trial court filed a Rule 1925(a) opinion on April 26, 2016. Therein, the trial court characterizes the instant appeal as "moot" due to its

---

[1] Appellee has elected not to file a brief in this matter.

March 17, 2016 order granting reconsideration. (Trial court opinion, 4/26/16 at 2.)

On appeal, appellants raise numerous issues, including that they were never served with the writ of summons or the petition to enforce settlement. According to appellants, they were never parties to any litigation involving appellee. Therefore, appellants argue that the trial court had no jurisdiction to enter the January 25, 2016 order. Appellants also observe that pursuant to the administrative order of September 3, 2015, all matters in which Pinelands was a named party and/or any matters against any insured of Pinelands, were to be placed in deferred status until further notice. (Appellants' brief at 17.) As such, the November 20, 2015 writ of summons and petition to enforce settlement should have been deferred. (*Id.* at 17-18.)

Initially, we must address the trial court's March 17, 2016 order granting appellants' motion for reconsideration of the January 25, 2016 order. This was well beyond 30 days and after appellants had filed a notice of appeal. Therefore, the trial court no longer had jurisdiction. 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such an order has been taken or allowed."); *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 226 (Pa.Super. 2007) ("Under section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised

***sua sponte*** or invoked pursuant to a party's motion for reconsideration."

(citation omitted)); Pa.R.A.P. 1701 (tolling the time for taking an appeal only

when the court files "an order expressly granting reconsideration . . . within

the time prescribed by these rules for the filing of a notice of appeal."). ***See***

***also Stephens v. Messick***, 799 A.2d 793, 800 (Pa.Super. 2002)

("Rule 1701(b)(3) permits a trial court to reconsider an order that has been

appealed, but only if the trial court enters an order expressly granting

reconsideration within the time allowed for the taking of the appeal.").

> Although the entry of a final order triggers the 30-day appeal period, this period may be tolled if the trial court expressly grants a motion for reconsideration. Pa.R.A.P. 1701(b)(3). Generally, either the lapse of 30 days beyond the date of entry of an original order, or the filing of a notice of appeal will vitiate the jurisdiction of the trial court to modify, alter, or otherwise proceed further in the matter. Pa.R.A.P. 1701(a); ***In re Deed of Trust of McCargo***, 438 Pa.Super. 570, 585, 652 A.2d 1330, 1337 (1994), ***appeal denied***, 543 Pa. 693, 670 A.2d 141 (1995). Rule 1701, however, allows the trial court to view its order for up to thirty days, even after an appeal has been filed, if a party files a petition for reconsideration within the 30-day appeal period and the trial court files an order "expressly granting" reconsideration within the same period. Pa.R.A.P. 1701(b)(3)(i), (ii).

***Valley Forge Center Associates v. Rib-It/K.P., Inc.***, 693 A.2d 242, 245

(Pa.Super. 1997). "If a trial court fails to grant reconsideration expressly

within the prescribed 30 days, it loses the power to act upon both the

petition and the original order." ***Id.*** (citations omitted).

Inasmuch as the trial court intended to grant reconsideration and vacate its January 25, 2016 order, however, this court will remand for the trial court to properly dispose of appellants' motion. Appellants raise myriad issues on appeal, including lack of personal jurisdiction. We also observe that this matter is in deferred status due to Pinelands' liquidation. Therefore, we will remand for the trial court to consider appellants' arguments and issue whatever order it deems appropriate.

Order vacated. Remanded for further proceedings. Jurisdiction relinquished.


Ransom, J. did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016