J-A12019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARI WEITZNER, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAXSERVE, INC., FORMERLY KNOWN | : | No. 1296 MDA 2020 |
| AS VACCESS AMERICA, INC., AND | : | |
| SANOFI PASTEUR, INC., FORMERLY | : | |
| KNOWN AS AVENTIS PASTEUR, INC. | : | |

Appeal from the Order Entered September 4, 2020
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2005-00645

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 20, 2021**

Ari Weitzner, M.D., appeals from the order, entered in the Court of Common Pleas of Lackawanna County, denying his petition for relief after the court entered a judgment of *non pros* for failure to proceed in favor of Vaxserve, Inc. and Sanofi Pasteur, Inc. (collectively, Defendants).  After careful review, we find Weitzner is entitled to no relief and affirm the order of the trial court.

The trial court set forth the facts of the case as follows:

On February 14, 2005, Ari Weitzner [] filed a class action, on behalf of himself and all others similarly situated, against [Defendants].  In [Weitzner]'s complaint, [he] avers that beginning as early as April 21, 2004, Defendants transmitted or caused to be transmitted unsolicited facsimile advertisements to [him] and other members of the class[,] in violation of the Telephone Consumer Protection Act [(TCPA)], 47 U.S.C. §

227(b)(1)(c) [] and 47 C.F.R. § 1200(a)(3). On October 29, 2007, Defendants filed a motion for summary judgment asserting that [Weitzner: (1)] lacked standing to bring th[e class] action[; (2)] had not established that San[ofi] Pasteur Inc. violated the TCPA[;] and[, (3) advanced] claims [] barred by the statute of limitations.

On June 17, 2008, the Honorable Carmen D. Minora issued an [o]rder holding [that]:

> 1. Governing law prevents TCPA nationwide class action [suits] from being maintained in Pennsylvania courts.
>
> 2. Ari Weitzner, M.D., is not an appropriate representative plaintiff to represent, "all other[s] similarly situated" for putative class action purposes.
>
> 3. The two[-]year Pennsylvania statute of limitations governs private TCPA claims within [the Pennsylvania] Constitution.
>
> 4. The remaining individual private TCPA claim [] is restricted to any unsolicited facsimile transmissions that were received by [Weitzner] within two years of the date of filing [his c]omplaint.

**See** Memorandum and Order[,] 6/27/[]08.

On December 24, 2009, [Weitzner] renewed his motion for leave to amend his complaint, which th[e] court denied and dismissed. Thereafter, on May 3, 2013, Judge Minora issued an order striking this case from his trial list due to inactivity[.]

On January 24, 2020, slightly less than seven [] years later, Defendants filed a petition seeking the entry of a judgment of *non pros* based upon [Weitzner's] failure to litigate or advance this action with the requisite diligence.[1] [On February 13, 2020, Weitzner filed his opposition to Defendants' petition seeking entry of a judgment of *non pros*. The court heard oral argument on the Defendants' petition the following day; and, over Weitzner's objection, granted the Defendants additional time to file a "supplemental brief[,]" which would establish the prejudice

---

[1] Weitzner's surviving private claim, following the court's June 27, 2008 order, alleged that Weitzner received two facsimiles from the Defendants, without his consent, and in violation of the TCPA, which claims were not barred by the two-year statute of limitations.

suffered, and which would support the entry of judgment of *non pros*. Defendants served their supplemental brief on March 19, 2020; Weitzner filed his reply on April 15, 2020.] On May 19, 2020, th[e] court granted Defendants' petition for entry of [] judgment of *non pros*, finding [Weitzner] failed to diligently prosecute this action without a compelling reason, and that Defendants suffered prejudice[] caused by the delay.

The court found [that] prejudice resulted from the death of a material witness, former President of List Strategies[,] Joel Cooper, during the [case's] period of inactivity [in the trial court]. On May 20, 2020, an entry of judgment of *non pros* was entered against [Weitzner].

On June 8, 2020, [Weitzner] filed the instant petition for relief from [the] judgment of *non pros*[,] seeking relief under Pa.R.C.P. 3051(c). [Weitzner's] petition sets forth the argument that [he is] entitled to relief based upon: (1) [his] petition [to open the judgment] being timely filed; (2) there being a meritorious cause of action; and (3) the requirements to enter a judgment of *non pros* hav[ing] not been satisfied. [Additionally], [Weitzner] asserts the judgment of *non pros* should not have been entered by th[e] court because the Defendants did not show they suffered actual prejudice caused by the delay in negligently prosecuting this action.

[Weitzner] supports this claim by alleging [that] Joel Cooper [wa]s not a material witness and that the Defendants have not proven he possessed any more knowledge about the unsolicited facsimiles than any other employee at List Strategies[, including a co-founder who has been with List Strategies for over 25 years]. [Weitzner] asserts the Defendants have only shown the possibility of prejudice suffered by Mr. Cooper's death during the seven years of inactivity, not actual prejudice.

On July 21, 2020, Defendants filed their response in opposition to [Weitzner's] petition for relief from judgment of *non pros*. Defendants assert that [Weitzner's] petition for relief must be denied because it is procedurally defective and fails to meet the requirements under Pa.R.C.P. 3051(c). Specifically, Defendants assert [that]: (1) [Weitzner] did not [comply with] Pa.R.C.P. 206.1 and Lacka.Co.R.C.P. 206.1(a) and 206.4(c)[,] which renders [Weitzner's] petition [to open] untimely; (2) [Weitzner's] petition [to open] fails to allege a meritorious cause of action; and

> (3) [Weitzner's] petition must fail because the record supports a finding that the Defendants suffered actual prejudice.

> Oral argument on [Weitzner's] petition for relief from judgment of *non pros* [] commenced on July 27, 2020[.]

Trial Court Opinion, 9/4/20, at 1-4 (some internal citations and unnecessary capitalization omitted). On September 4, 2020, the court issued the order that is the subject of this appeal, denying Weitzner's petition for relief from the entry of judgment of *non pros*. Weitzner filed a timely notice of appeal that same day. On October 13, 2021, the court ordered Weitzner to submit a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.[2]

_____

[2] On November 17, 2020, Defendants filed in this Court, before a motions panel, an application to dismiss, asserting that Weitzner had not yet filed a Rule 1925(b) statement as ordered by the trial court. **See** Defendants' Application to Dismiss, at [5]. On December 7, 2020, Weitzner filed his untimely response. Although Weitzner's response was untimely, this Court nevertheless considered it due to the adverse impact of the COVID-19 pandemic on mail delivery. On February 5, 2020, a motions panel of this Court issued an order denying the application to dismiss without prejudice to the Defendants' right to raise the issue again before this panel.

Although an appellant's failure to file a Rule 1925(b) statement within the period prescribed by the trial court's order generally results in waiver, **see** Pa.R.A.P. 1925(b)(4)(vii), we have previously held that where the trial court's order fails to include certain requirements, **see, e.g.**, **id.** at (b)(3)(i)-(iv), we may decline to find waiver and entertain the merits of the appeal. **See, e.g., Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002, 1007-12 (Pa. 2010) (plurality) (declining to find waiver where appellants did not serve their Rule 1925(b) statement on trial court because trial court's order stated appellants had to file, not serve, a copy of statement with trial court); **Commonwealth v. Powell**, 228 A.3d 1, 3 (Pa. Super. 2020) (finding Commonwealth's failure to file Rule 1925(b) statement did not waive issues because trial court's order did not inform Commonwealth that any issue not included in such statement will be deemed waived).
*(Footnote Continued Next Page)*

On appeal,[3] Weitzner raises the following issues for our review:

(1)     Whether the trial court properly denied, *sub silentio*, [Weitzner]'s request to amend his petition for relief from judgment of *non pros* in the event that the trial court were to find, as it ultimately did, that [he] did not satisfy the requirement of Pa.R.C.P. 3051(c)(2) to "allege facts showing that . . . there is a meritorious cause of action[.]"

(2)     Whether the trial court, in granting Defendants' second petition,[4] properly found that Defendants had met their burden of showing that they had suffered actual prejudice as a result of the death of a potential witness even though Defendants had not provided:  (a) any evidence that the potential witness had possessed any material information, nor (b) any evidence that the death of the potential witness had caused any such information, if he had possessed it in the first place, to have become unavailable[.]

_____

Here, the trial court's order failed to comply with the requirements set forth in Pa.R.A.P. 1925(b)(3)(ii) (trial court's order shall specify that appellant's statement shall be filed of record), (b)(3)(iii) (trial court's order shall specify that statement:  shall be served on judge and may be served on judge in-person or by mailing address), and (b)(3)(iv) (trial court's order shall specify any issue not included in appellant's statement timely filed and served, shall be deemed waived).  Thus, we decline to find waiver due to Weitzner's apparent noncompliance with Rule 1925 because the trial court's Rule 1925(b) order itself was deficient.  **See Berg**, **supra**; **Powell**, **supra**; Pa.R.A.P. 1925(b)(3)(ii)-(iv).  **See also Commonwealth v. Savage**, 234 A.3d 723, 725 n.2 (Pa. Super. 2020) (citing **Commonwealth v. Bush**, 197 A.3d 285, 287 (Pa. Super. 2018)).

[3] Weitzner's appellate brief includes four issues under the heading "Statement of the Questions Involved," but the argument portion of his brief only addresses the first three issues raised.  Thus, we find Weitzner's fourth issue waived.  **See Villoresi v. Femminella**, 856 A.2d 78, 84 (Pa. Super. 2004) (citing Pa.R.A.P. 2119).

[4] We note that Weitzner refers to Defendants' **supplemental brief**, which the court permitted Defendants to file to establish prejudice to support their petition for *non pros*, as a "second petition" throughout his appellate brief.

- 5 -

(3)     Whether it was proper of the trial court, upon recognizing that Defendants' petition for entry of judgment of *non pros* did not show actual prejudice, to *sua sponte* permit Defendants to file a second petition[.][5]

Appellant's Brief, at 2-3 (reordered for ease of disposition; unnecessary capitalization omitted).

In his first issue, Weitzner argues that the trial court should have permitted him to amend his petition for relief from the judgment of *non pros* since the trial court found that he did not satisfy the requirement of Pa.R.C.P. 3051(c)(2) to "allege facts showing that . . . there is a meritorious cause of action[.]"  Appellant's Brief, at 20.

At the hearing on Weitzner's petition to open the judgment of *non pros*, Weitzner's attorney requested an opportunity to amend the petition to cure any procedural defects:

> [Weitzner's Attorney:]  I would only request that in the event . . . the [c]ourt were inclined to rule based on the procedural defects in the petition, I would request that we be given permission to file an amended petition in which I assure compliance with the rules.
>
> The Court:  Okay.  And I did grant [Defendants' Attorney] leeway at the beginning of the case as well, so I think I would be inclined to do that, even though I know [Defendants] ha[ve] cited the procedural defects in this process.  But I'll entertain oral argument.

N.T. Hearing on Plaintiff's Petition to Open Judgment of *Non Pros*, 7/27/20, at 15-16.

---

[5] ***See supra*** at n.4.

In its September 4, 2020 opinion, the court specifically determined that it did not deny Weitzner's petition on the procedural grounds raised by Defendants. The court's opinion states:

> First, **Defendants' assertion that** [**Weitzner**]**'s petition is procedurally defective**[,] and therefore untimely[,] **will not cause this court to deny** [**Weitzner**]**'s petition**. Pennsylvania Rule of Civil Procedure 126 states "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. **Therefore, even though** [**Weitzner**] **did not follow the Pennsylvania Rules of Civil Procedure or local rules of the Lackawanna County Court of Common Pleas, it will not be fatal to his petition.**

Trial Court Opinion, 9/4/20, at 5 (emphasis added). Instead, the court found that Weitzner's petition should be denied because it "merely repeats the averments from the complaint," which does not satisfy the meritorious cause of action requirement set forth in Rule 3051(c)(2). **Id.** (citing **Intech Metals, Inc. v. Meyer**, 153 A.3d 406, 411 (Pa. Super. 2016)) (brackets omitted).

Here, we agree with the trial court that Weitzner's petition merely repeats averments from his complaint, which is insufficient to establish a meritorious cause of action. **See** Pa.R.C.P. 3051(a), (c)(2); **see also Intech Metals**, **supra** at 411 (citing **Stephens v. Messick**, 799 A.2d 793, 800 (Pa. Super. 2002) and Pa.R.C.P. 3051) ("A petition that 'merely repeats the averments from [the] complaint' does not satisfy the meritorious cause of action requirement in Rule 3051(c)(2)."). Moreover, even though he claims to be prepared to proceed with the case, nothing in the record before this Court suggests that Weitzner can cure the defect. **See Intech Metals**, **supra**

at 412 ("Further, Appellants fail to address th[eir omission of a properly pleaded meritorious cause of action in their petition to open] in their arguments to this Court.").  Since Weitzner has failed to file a rule-compliant petition to open, he has waived any right to address issues concerning the underlying judgment of *non pros*.  **See id.** at 411 (quoting **Madrid v. Alpine Mt. Corp.**, 24 A.3d 380, 382 (Pa. Super. 2014)).

Second, Weitzner contends that the trial court erred in finding that Defendants suffered prejudice when the court granted the entry of the judgment of *non pros*.  Specifically, Weitzner argues that:  (1) the evidence showed that Cooper merely forwarded the lists from Info USA;[6] (2) Defendants had not shown that Cooper had any more knowledge about the lists than other List Strategies employees; (3) List Strategies remains in business, and one of its two principals has been with List Strategies for 25 years; and (4) Info USA remains in business.  **See** Appellant's Brief, at 19.

As a preliminary matter, we address Defendants' argument that this issue is waived.  We agree with Defendants that "[a]ny appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike."  **See Madrid**, **supra** at 382 (citing Pa.R.C.P. 3051 and **Stephens**, **supra** at 798).  Indeed, in **Intech Metals**, this Court

---

[6] Defendants claim that Cooper received the list from a company called "American Medical Information" (AMI), whereas Weitzner claims that a company named "Info USA" supplied the contact information to List Strategies.  **See** Appellant's Brief, at 17-18.  Nothing in the record definitively proves, or disproves, either theory.

specifically found that an appellant's "failure to 'show facts to exist that would support a meritorious cause of action' in their petition to open, operates as a waiver of the issues concerning the underlying interlocutory order [entering judgment of *non pros*]." *Id.* at 412 (citation omitted). Since we have already determined that Weitzner's petition to open the judgment of *non pros* failed to establish a meritorious cause of action, *see* Pa.R.C.P. 3051(c)(2), he has waived any challenge to the underlying interlocutory order.[7] *See Intech Metals*, *supra* at 411; *see also Madrid*, *supra* at 382.

_____

[7] Even if we were to find this issue properly preserved for appeal, it is still meritless. Our deferential standard of review for a trial court's entry of a judgment of *non pros* for inactivity is well-settled:

> To dismiss a case for inactivity pursuant to a defendant's motion for *non pros*[,] there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. **Finally, the delay must cause actual prejudice to the defendant.** As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.

*Intech Metals, Inc. v. Meyer*, 153 A.3d 406, 410 (Pa. Super. 2016) (citing *Jacobs v. Halloran*, 710 A.2d 1098, 1103 (Pa. 1998); *James Bros. Lumber v. Union Banking & Trust*, 247 A.2d 587, 589 (Pa. 1968)) (emphasis added). The trial court must find all three elements prior to entering a judgment of *non pros*. *See Stephens*, *supra* at 797 (citing *James Bros.*, *supra*). *See also Valley Peat & Humus v. Sunnylands, Inc.*, 581 A.2d 193, 196 (Pa. Super. 1990).

This Court has previously found that:

> [a] judgment of *non pros* may be entered when "the delay has caused some prejudice to the adverse party, such as the death of[,] or unexplained absence of[,] material witnesses."
> *Stephens*, [*supra*] at 797; *James Bros.*, [*supra*] at 589.

*(Footnote Continued Next Page)*

- 9 -

> Prejudice attaches based on "any substantial diminution of a party's ability to properly present its case at trial." *Jacobs*, [*supra*] at 1103; *see also Metz Contracting v. Riverwood Builders*, 520 A.2d 891, 893-94 (Pa. Super. 1987).

*Intech Metals*, *supra* at 413.

In the case *sub judice*, the trial court found that Defendants were prejudiced by Joel Cooper's death, which occurred during the case's period of inactivity. Specifically, the trial court found that Cooper was: (1) the President of List Strategies in 2005; (2) the contact person listed on the invoice sent to List Strategies from Defendants, *see* Defendants' Supplemental Brief in Support of Defendants' Petition for Entry of *Non Pros*, 3/19/20, at Exhibit O ("Please contact JOEL COOPER {EMAIL: Joel@ListStrategies.com} if there are any questions or problems[.]"); (3) mentioned as the sole individual who represented List Strategies in the sale of the two lists to Defendants, *see* Deposition of Lori Elias, 9/17/06, at 13-14 (Elias, an employee for Vaxserve between 2002 and 2006, testified that she, on behalf of Vaxserve, purchased two lists from List Strategies sometime in 2002 and 2003 and that she communicated with Cooper via e-mail in order to procure lists, but could not recall if Cooper ever mentioned from where he gathered contact information he sold); and (4) able to testify regarding how contact information was obtained by List Strategies and whether individuals listed consented to receiving advertisements via facsimile. *See* Trial Court Opinion, 9/4/20, at 7.

Here, we agree with the trial court and discern no abuse of discretion. *See Intech Metals*, *supra* at 410. The record reflects that Joel Cooper had particularized knowledge regarding the specific sales of the two contact lists to Defendants—Cooper was identified in deposition testimony as the sole individual at List Strategies who made the lists available to Defendants and was the singular named contact on the invoice. Since Cooper's trial testimony could have contributed to establishing a consent defense, we agree with the trial court that Defendants suffered a substantial diminution in their ability to properly present their case at trial because of his death, *see Jacobs*, *supra* at 1103, and therefore, Defendants suffered actual prejudice. *See Intech Metals*, *supra* at 413. *See also Stephens*, *supra* at 797; *Wildermuth v. Philadelphia & R.R. Co.*, 192 A.2d 657, 657 (Pa. 1937) (affirming entry of judgment of *non pros* where: at least fifteen years elapsed since institution of action; one eyewitness died; and, no justification for delay existed); *Hruska v. Gibson*, 175 A. 514, 514-15 (Pa. 1934) (affirming entry of judgment of *non pros* where: at least nine years elapsed since commencement of action; original defendant, who was most important

*(Footnote Continued Next Page)*

Finally, Weitzner challenges the trial court's decision to permit Defendants to file a supplemental brief **in support of their petition for entry of judgment of *non pros*.** Weitzner alternatively characterizes the supplemental brief as a second petition since Defendants' supplemental brief could invoke new evidence as to the issue of prejudice. This issue, too, is waived, because Weitzner's challenge actually addresses the trial court's interlocutory order entering judgment of *non pros*.[8] **See Intech Metals**, **supra** at 411; **see also Madrid**, **supra** at 382.

_____

defense witness, since died; an eyewitness since died; and, other witnesses scattered and their evidence would be unobtainable, and even if their presence in court could be had, their memories and recollections of incidents involved would be indistinct and unreliable).

[8] Even if we were to find this issue preserved, Weitzner is entitled to no relief under either theory. First, we note that neither party's brief addresses this point directly with citation to any case law. **See** Pa.R.A.P. 2119(b). Nevertheless, in **Scalla v. KWS, Inc.**, 240 A.3d 131 (Pa. Super. 2020), a panel of this Court recently elaborated on the inherent powers of trial courts in considering, or refusing to consider, the contents of legal briefs submitted by the parties. In **Scalla**, the parties filed a "fusillade" of briefs, reply briefs, and sur-reply briefs in preparation for trial, **id.** at 140, which resulted in an "undue burden" on the "business of the [trial] court." **Id.** at 141. In response, the trial court ruled, over objection, that it had no obligation to consider the parties' eight sur-reply briefs. On appeal, after noting a lack of statutory authorization or binding precedent on the issue, this Court addressed the inherent powers granted to trial courts:

> Although the [Pennsylvania] Constitution does not enumerate every specific power inherent in courts and incidental to the grant of judicial authority under Article V, the Judicial Code serves to codify some of these non-particularized powers. Section 323 of the Judicial Code provides:

*(Footnote Continued Next Page)*

- 11 -

Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

42 Pa.C.S. § 323. Section 912 of the Judicial Code similarly establishes that every court of common pleas "shall have power to issue, under its judicial seal, every lawful writ and process . . . as such courts have been heretofore authorized by law or usage to issue," and every judge of a court of common pleas "shall have all the powers of a judge or magisterial district judge of the minor judiciary." 42 Pa.C.S. § 912.

*Id.* (quoting *In Re Return of Seized Prop. of Lackawanna Cty.*, 212 A.3d 1, 12 (Pa. 2019)) (emphasis in original; brackets omitted). Consequently, this Court adopted a deferential standard of review regarding the trial court's decision to consider additional briefs:

The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court. If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the nonmovant an opportunity to respond to those arguments by granting leave to file a sur-reply.

*Id.* (quoting *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 35 (D. D.C. 2007)).

Here, at the hearing on Defendants' petition for entry of judgment of *non pros*, Weitzner's counsel claimed that Defendants' petition failed to establish prejudice since it did not:

state[] or represent[] that any of the[] witnesses are deceased or even unavailable. [Defendants] have the burden of showing [unavailability], and . . . that these witnesses are material witnesses. [Defendants] haven't [] submitted anything to show that these witnesses would even be necessary for the

*(Footnote Continued Next Page)*

_____

[D]efendants to put on a proper trial[.] . . . And, again, we're focusing on the actual prejudice requirement, all three of the requirements, including actual prejudice must be satisfied in order to issue the *non pros* judgment, and there's simply no argument in favor of actual prejudice here.

N.T. Hearing on Defendants' Petition for Entry of Judgment of *Non Pros*, 2/14/20, at 13-14.

Immediately thereafter, the trial court offered, and granted, the Defendants additional time to file a supplemental brief or "present additional evidence" to establish prejudice. *Id.* at 14. In reaching its decision to grant supplemental briefing, the trial court explained:

If we have a 17-year-old allegation, right, because the statute of limitations is from '03 to '05, there's been no activity taken by [Weitzner] since 2011, I'm going to give [Defendants] time to see whether these people are still alive, still available, or still have memory of the events. . . . [Weitzner] didn't file a response. I thought you weren't coming. I thought this was going to be a one-sided show here today. No response was filed. No entry of appearance was filed.

*Id.* at 15-18.

Despite the trial court's comments, we agree with Weitzner that he filed a timely response. The rule to show cause accompanying Defendants' petition for entry of judgment of *non pros* stated: "[Plaintiff] shall file a response to the petition within twenty [] days after service of the Petition on [Plaintiff]." Rule to Show Cause, 1/24/20. Because Defendants served the petition on January 24, 2020, Weitzner was required to serve his response by February 13, 2020, on which date he did. Nevertheless, we discern from the record that the trial court did not receive a copy of the response until after the start of the hearing. *See* N.T. Defendants' Petition for Entry of Judgment of *Non Pros* Hearing, 2/14/20, at 2 [there are two pages numbered "2" in the notes of testimony, this citation references the **first** in sequential order]. The trial court formalized its grant of supplemental briefing on the issue of prejudice in a subsequent order: "[D]efendants shall have thirty [] days from the date of this order to produce evidence and file a supplemental brief. [Weitzner] shall have two [w]eeks to file a supplemental response. Oral argument on this
*(Footnote Continued Next Page)*

Order affirmed.

_____

matter shall be scheduled for March 30, 2020[,] at 9:30 a.m." Order, 2/18/20.

We find that the same reasoning in **Scalla** is applicable to this case that the court has the "power to make such rules and orders of court as the interest of justice or the business of the court may require." **Scalla**, **supra** at 141 (citing **In re Return of Seized Prop. of Lackawanna Cty.**, **supra**). Additionally, we discern no abuse of discretion in the trial court's grant of supplemental briefing, since, prior to granting it, the court explained that: (1) Weitzner's case dated back significantly by many years, which made prejudice to Defendants likely; (2) the court was unaware of Weitzner's response to Defendants' petition, which response was served the day before the hearing on the petition; (3) the court did not become aware of the substance of Weitzner's response until the day of the hearing; and (4) no counsel had appeared on behalf of Weitzner, up to that point. Indeed, Weitzner's reply brief submitted to this Court concedes the discretion of the trial court in ordering additional briefing: "[T]he trial court, **although having the discretion to extend Defendants' time to submit a reply**, did not have the discretion to permit Defendants to submit a new petition." Weitzner's Reply Brief, at 2 (emphasis added). Moreover, we fail to discern any prejudice suffered, especially since the trial court's order permitted Weitzner to file a responsive brief within two weeks of his receipt of Defendants' supplemental brief. **See Scalla**, **supra** at 140 (quoting **U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp**, **supra** at 35) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non[-]movant an opportunity to respond to those arguments by granting leave to file a sur-reply.").

Insofar as Weitzner alleges that Defendants' supplemental brief amounted to a new petition, **see supra** at n.4, we have not discerned any case law prohibiting the filing of serial petitions for *non pros*, even when the trial court denies a defendant's initial petition. Indeed, we have located one unpublished memorandum by this Court, in which a defendant was permitted to file two petitions for entry of judgment of *non pros*; the second petition, which was ultimately granted, was filed in response to the court's denial of the first. **See Gera v. Rainone**, 1951 MDA 2013 & 2163 MDA 2013, at *3-*5 (Pa. Super. 2014) (unpublished memorandum).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/20/2021</u>