IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quentin Johnson, : 
             Appellant : 
              : 
     v. : 
              :   No. 1667 C.D. 2024
Doctor Eric Smith, DDS :   Submitted: March 3, 2026


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STELLA M. TSAI, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE TSAI                      FILED: April 15, 2026


Quentin Johnson, acting *pro se*, appeals from the judgment of non pros entered by the Court of Common Pleas of Schuylkill County based on Johnson's failure to file a certificate of merit and written statement of a licensed professional in support of his medical malpractice action against Dr. Eric Smith, DDS. After careful review, we affirm.

On January 25, 2024, Johnson, an inmate at State Correctional Institution Mahanoy, commenced this action by complaint against Dr. Smith, a dentist at the same facility. The complaint alleged generally that Dr. Smith's negligent delay in treating one of Johnson's teeth caused him pain and suffering, led to the development of an abscess in the tooth, and necessitated its extraction. With his complaint, Johnson filed a certificate of merit stating that expert testimony was unnecessary for

the prosecution of his claims against Dr. Smith pursuant Pennsylvania Rule of Civil Procedure 1042.3(a)(3).[1]

On August 23, 2024, Dr. Smith filed a notice of intent to file a praecipe for judgment of non pros based on Johnson's failure to file a written statement from an appropriate licensed professional as required by Rule 1042.3(a)(1) and (e). *See* Pa.R.Civ.P. 1042.11, 1042.12 (permitting defendant to file notice of intent to enter non pros judgment and directing prothonotary to enter judgment when plaintiff does file written statement within thirty days of filing and service of notice). Johnson

---

[1] Rule 1042.3 provides in relevant part as follows:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> . . .
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

. . . .

(e) If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivision[] (a)(1) []. If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11.

Pa.R.Civ.P. 1042.3(a)(1), (3), (e). Thus, a "*pro se* plaintiff must attach to [a Rule 1042.3(a)(1)] certificate of merit the actual written statement authored by the licensed professional." *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 410 (Pa. 2021).

filed a motion for an extension of time to obtain a written statement from a licensed professional and file a new certificate of merit, citing his due diligence in seeking to obtain a written statement. The trial court denied this motion, and Johnson then filed a motion for a determination as to whether a certificate of merit is required in this case. *See* Pa.R.Civ.P. 1042.6(c) (authorizing plaintiff to file motion for determination as to necessity of certificate of merit following defendant's filing of notice of intent to seek non pros judgment). By an October 29, 2024 order, the trial court determined that Johnson was required to file a certificate of merit and written statement pursuant to Rule 1042.3(a)(1) and (e). The court directed Johnson to file the certificate and written statement within twenty days of the order or a judgment of non pros would be entered upon praecipe by Dr. Smith.

Johnson did not file a certificate of merit and written statement within twenty days of the trial court's order. Dr. Smith submitted a praecipe on November 22, 2024, and the prothonotary entered judgment of non pros the same day. Johnson did not file a petition to open or strike the judgment and instead filed a notice of appeal. On December 18, 2024, the trial court entered an order directing Johnson to file and serve a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). The order provided that Johnson's failure to file and serve the Rule 1925(b) statement within twenty-one days of the order "shall be viewed as a waiver of the issue or objections to the order, ruling, or other matter complained of." Dec. 18, 2024 Order. Johnson did not file a Rule 1925(b) statement in the trial court.[2]

On appeal, Johnson argues that the trial court erred and abused its discretion by: (1) rejecting the Rule 1042.3(a)(3) certificate of merit he filed with his complaint

---

[2] The trial court filed a Rule 1925(a) opinion, finding that Johnson waived any challenge to the judgment of non pros based on his failure to file a petition to open or strike.

3

providing that expert testimony was not required in this case; (2) denying his motion for an extension of time to file a Rule 1042.3(a)(1) compliant certificate and not considering his efforts to obtain a statement from a licensed professional; and (3) entering judgment against him. Dr. Smith asserts in response that Johnson has waived any challenge to the underlying merits of the trial court's rulings because he filed a notice of appeal from the judgment of non pros rather than a petition to strike or open the judgment and did not file a Rule 1925(b) statement. We first address Dr. Smith's arguments with respect to waiver.

Under Rule of Civil Procedure 3051, "[r]elief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." Pa.R.Civ.P. 3051(a). Rule 3051's "mandatory phrasings that relief from a non pros 'shall be sought by petition' and 'must be asserted in a single petition' clearly connote a requirement that parties file a petition with the trial court in the first instance." *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 999 (Pa. 2001) (emphasis omitted). As our Supreme Court explained in *Sahutsky*:

> The reason for requiring that the petition be directed to the trial court initially is both obvious and salutary: it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so. Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal.

*Id*. at 1000.

A party's "failure to file a Rule 3051 petition operates as a waiver of any claims of error concerning the judgment of non pros." *Id*.; *see also Dockery v. Borough of E. Stroudsburg*, 24 A.3d 485, 487 (Pa. Cmwlth. 2011), *appeal denied*, 46 A.3d 718 (Pa. 2012). The requirement that a party file a petition to open or strike

4

a judgment of non pros, and resultant waiver for failure to comply with this mandatory procedure, applies regardless of the type of non pros judgment entered. *Sahutsky*, 782 A.2d at 999-1000 (citing Pa.R.Civ.P. 3051, Explanatory Comment (1991)).

Pursuant to Rule of Appellate Procedure 1925(b), a trial court that "desires clarification of the errors complained of on appeal . . . may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). The Rule 1925(b) statement "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal [and] is thus a crucial component of the appellate process." *Caln Nether Co., L.P. v. Bd. of Sup'rs, Thornbury Twp.*, 840 A.2d 484, 490 (Pa. Cmwlth. 2004) (quoting *Com. v. Lemon*, 804 A.2d 34, 36 (Pa. Super. 2002)), *appeal denied*, 856 A.2d 835 (Pa. 2004). The "complete failure by an appellant to file a Rule 1925(b) Statement" when ordered to do so results in waiver of all appellate issues. *Cummings v. Matiyasic*, 347 A.3d 849, 852 (Pa. Cmwlth. 2025); *see also Caln Nether*, 840 A.2d at 490 ("[I]ssues are considered waived where no 1925(b) statement was filed . . . ."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with [Rule 1925](b)(4) are waived."). This "bright-line rule" of waiver applies equally to counseled and *pro se* appellants. *Cummings*, 347 A.3d at 852.

In the present case, the trial court entered a judgment of non pros based on Johnson's failure to file a certificate of merit and supporting written statement. Instead of challenging the judgment through a petition to open or strike, Johnson filed a notice of appeal. Under these circumstances, he has waived any challenge to the non pros judgment. *See Sahutsky*, 782 A.2d at 1000-01 (finding parties that

5

failed to file petition to open judgment of non pros waived their appellate issues); *Dockery*, 24 A.3d at 486-88 (concluding that appellants waived all claims when they did not file petition to open or strike non pros judgment until after notice of appeal). In addition, although directed by the trial court to file a Rule 1925(b) statement upon pain of waiver of any issues he would raise on appeal, Johnson did not file the statement.[3]  Therefore, Johnson also waived his appellate issues on these independent grounds.  *See Cummings*, 347 A.3d at 852 (holding *pro se* prisoner's failure to timely comply with the trial court's directive that he file a Rule 1925(b) statement "result[ed] in the automatic waiver of his claims").

As Johnson has waived all his appellate issues, we affirm the judgment of non pros entered in favor of Dr. Smith.

_____
STELLA M. TSAI, Judge

---

[3] We note that the trial court's December 18, 2024 order complied with the requirements of Rule 1925(b), as it stated that the concise statement shall be filed of record and served on the trial judge; specified the manner in which service could be completed; stated the number of days after entry of the order within which the statement should be filed and served; and provided that any issue not included in a timely filed and served statement would be deemed waived.  *See* Pa.R.A.P. 1925(b)(3).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quentin Johnson,     :
    Appellant  :
          :
  v.      :
          :
Doctor Eric Smith, DDS  :  No. 1667 CD 2024

# **O R D E R**

AND NOW, this 15th day of April, 2026, the November 22, 2024 judgment of the Court of Common Pleas of Schuylkill County is hereby AFFIRMED.

_____

STELLA M. TSAI, Judge